UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY HILLS TEDDY BEAR COMPANY<br><br>Plaintiff,<br><br>v.<br><br>BEST BRANDS CONSUMER PRODUCTS, INC.; and BEST BRANDS SALES COMPANY, LLC<br><br>Defendants. | Civil Action No. 1:19-cv-3766 |

## DEFENDANTS' ANSWER

Defendants Best Brands Consumer Products, Inc and Best Brands Sales Company, LLC ("Best Brands" or "Defendants"), by and through their undersigned attorneys, respond to the Complaint of Plaintiff Beverly Hills Teddy Bear Company ("BHTBC" or "Plaintiff") as follows:

1. Defendants aver that the complaint purportedly includes a cause of action for copyright infringement but denies the remaining allegations of paragraph 1.

2. Defendants aver that the complaint asserts that this matter arises out of the Copyright Act, but denies the remaining allegations of paragraph 2 and, in particular, deny that this action has any merit.

3. Defendants deny the allegations of paragraph 3 and, in particular, deny that this action has any merit.

4. Defendants deny the allegations of paragraph 4.

5.     Defendants are without information and belief as to the allegations of paragraph 5.

6.     Defendants admit the allegations of paragraph 6.

7.     Defendants admit the allegations of paragraph 7.

8.     Defendants are without information and belief as to the allegations of paragraph 8 and therefore deny the same.

9.     Defendants are without information and belief as to the allegations of paragraph 9 and therefore deny the same.

10.    Defendants are without information and belief as to the allegations of paragraph 10 and therefore deny the same.

11.    Defendants are without information and belief as to the allegations of paragraph 11 and therefore deny the same.

12.    Defendants are without information and belief as to the allegations of paragraph 12 and therefore deny the same.

13.    Defendants are without information and belief as to the allegations of paragraph 13 and therefore deny the same.

14.    Defendants are without information and belief as to the allegations of paragraph 14 and therefore deny the same.

15.    Defendants are without information and belief as to the allegations of paragraph 15 and therefore deny the same.

16.    Defendants are without information and belief as to the allegations of paragraph 16 and therefore deny the same.

17.     Defendants are without information and belief as to the allegations of paragraph 17 and therefore deny the same.

18.     Defendants are without information and belief as to the allegations of paragraph 18 and therefore deny the same.

19.     Defendants are without information and belief as to the allegations of paragraph 19 and therefore deny the same.

20.     Defendants are without information and belief as to the allegations of paragraph 20 and therefore deny the same.

21.     Defendants are without information and belief as to the allegations of paragraph 21 and therefore deny the same.

22.     Defendants are without information and belief as to the allegations of paragraph 22 and therefore deny the same.

23.     Defendants are without information and belief as to the allegations of paragraph 23 and therefore deny the same.

24.     Defendants are without information and belief as to the allegations of paragraph 24 and therefore deny the same.

25.     Defendants deny the allegations of paragraph 25.

26.     Defendants are without information and belief as to the allegations of paragraph 26 and therefore deny the same.

27.     Defendants deny the allegations of paragraph 27 and, in particular, deny that this action has any merit.

28.     Defendants admit the that complaint appears to show the products are side-by-side, but deny the remaining allegations of paragraph 28.

29.     Defendants admit the allegations of paragraph 29.

30.     Defendants are without information and belief as to the allegations of paragraph 30 and therefore deny the same.

31.     Defendants are without information and belief as to the allegations of paragraph 31 and therefore deny the same.

32.     Defendants are without information and belief as to the allegations of paragraph 32 and therefore deny the same.

33.     Defendants admit the that complaint appears to show the products are side-by-side, but deny the remaining allegations of paragraph 33.

34.     Defendants admit that the parties have been unable to resolve this matter.

35.     Defendants deny that they need authorization from BHTBC to sell their own products.

36.     Defendants deny the allegations of paragraph 36.

37.     Defendants deny the allegations of paragraph 37.

38.     Defendants deny the allegations of paragraph 38.

39.     Defendants deny the allegations of paragraph 39.

40.     Defendants deny the allegations of paragraph 40.

41.     Defendants submit that a response is not required to paragraph 41, but to the extent a response is required Defendants incorporate their responses to the preceding paragraphs.

42.     Defendants are without information and belief as to the allegations of paragraph 42 and therefore deny the same.

43.     Defendants deny the allegations of paragraph 43.

44.     Defendants deny that they need authorization from BHTBC to sell their own products.

45.     Defendants deny the allegations of paragraph 45.

46.     Defendants deny the allegations of paragraph 46.

47.     Defendants deny the allegations of paragraph 47.

48.     Defendants deny the allegations of paragraph 48.

49.     Defendants submit that a response is not required to paragraph 49, but to the extent a response is required Defendants incorporate their responses to the preceding paragraphs.

50.     Defendants deny the allegations of paragraph 50.

51.     Defendants deny the allegations of paragraph 51.

52.     Defendants deny the allegations of paragraph 52.

53.     Defendants deny the allegations of paragraph 53.

54.     Defendants submit that a response is not required to paragraph 54, but to the extent a response is required Defendants incorporate their responses to the preceding paragraphs.

55.     Defendants deny the allegations of paragraph 55.

56.     Defendants deny the allegations of paragraph 56.

57.     Defendants deny the allegations of paragraph 57.

58.     Defendants deny the allegations of paragraph 58.

59.     Defendants submit that a response is not required to paragraph 59, but to the extent a response is required Defendants incorporate their responses to the preceding paragraphs.

60.   Defendants deny the allegations of paragraph 60.

61.   Defendants deny the allegations of paragraph 61.

62.   Defendants deny the allegations of paragraph 62.

63.   Defendants deny the allegations of paragraph 63.

64.   Defendants deny the allegations of paragraph 64.

65.   Defendants deny the allegations of paragraph 65.

66.   Defendants submit that a response is not required to paragraph 66, but to the extent a response is required Defendants incorporate their responses to the preceding paragraphs.

67.   Defendants deny the allegations of paragraph 67.

68.   Defendants deny the allegations of paragraph 68.

## DEFENSES

Defendants set forth the following defenses to Plaintiff's complaint.  The assertion of defenses herein is not intended to alter the applicable burdens of proof, nor intended to limit Defendants' rights in any manner.

Defendants expressly reserve their right to supplement the defenses below based on any further information they may learn during this action, and reserve the right to assert any further defenses, positions, claims and counterclaims that they become aware of during discovery, or at trial, as applicable.

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

6

**SECOND DEFENSE**

Plaintiff's claims are barred for lack of personal jurisdiction over Defendants.

**THIRD DEFENSE**

Plaintiff's claims are barred on the grounds of improper venue.

**FOURTH DEFENSE**

Plaintiff's claims are barred by lack of standing.

**FIFTH DEFENSE**

Plaintiff's claims are barred under the doctrine of laches.

**SIXTH DEFENSE**

Plaintiff's claims are barred under the doctrine of estoppel.

**SEVENTH DEFENSE**

Plaintiff's claims are barred under the doctrines of acquiescence and waiver.

**EIGHTH DEFENSE**

Plaintiff's claims are barred as Defendants do not and have not infringed, nor have they induced or contributed to the infringement of any alleged copyrights or other rights of Plaintiff.

**NINETH DEFENSE**

Plaintiff's claims are barred as Plaintiff's alleged copyrights and alleged copyright rights are invalid.

**TENTH DEFENSE**

Plaintiff's claims are barred as the copyrighted works in question are not original, and lack copyrightable subject matter.

**ELEVETH DEFENSE**

Plaintiff's claims are barred as Plaintiff is not the owner of the alleged rights asserted.

## TWELVETH DEFENSE

Plaintiff's claims are barred as the alleged copyrighted works and/or portions thereof are in the public domain.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred as the asserted copyrights in question were not properly registered.

## FOURTHENTH DEFENSE

Plaintiff's claims are barred due to independent creation.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred as any alleged activities complained of constitute fair use, and/or are de minimis.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred under the doctrines of merger and/or scenes a faire.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred due to preemption.

## EIGTEENTH DEFENSE

Plaintiff's claims are barred due to misuse, including, but not limited to, copyright misuse.

## NINETEENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred due to unclean hands and/or inequitable conduct.

**TWENTYTHDEFENSE**

Plaintiff's claims are barred, in whole or in part, by lack of cognizable damages or injury.  No statement or act by Defendants has caused or contributed to any injuries or damages to Plaintiff, or to any other alleged injuries or damages.

**<u>PRAYER FOR RELIEF</u>**

A.      That Plaintiff's Complaint be dismissed in its entirety with prejudice, and that all of Plaintiff's requests for relief be denied;

B.      That judgment be entered in favor of Defendants and against Plaintiff on all of Plaintiff's claims;

C.      That the Court enter judgment declaring the Copyright Registrations invalid;

D.      That the Court enter judgment declaring that Defendants do not infringe the Copyright Registrations;

E.      That the Court enter judgment declaring any and all other alleged intellectual property rights claimed by Plaintiff invalid and not infringed;

F.      That the Court enter judgment declaring that Defendants do not violate N.Y. Gen. Bus. Law. § 349(h);

G.      That the Court enter judgment declaring that Defendants do not violate N.Y. Gen. Bus. Law. § 350(e);

H.      That the Court enter judgment declaring that Defendants are not guilty of common law unfair competition;

I.      That the Court enter judgment declaring that Defendants are not guilty of unjust enrichment;

J.      That the Court enter judgment that Plaintiff is not entitled to damages, or to legal or equitable relief in any form;

K.      That the Court enter judgment awarding Defendants their costs and reasonable attorneys' fees incurred in this action; and

L.      That the Court grant Defendants such other and further relief as it deems just and proper.

Dated: May 24, 2019                    Respectfully submitted,

                                       */s/ Lee A. Goldberg*
                                       _____
                                       Lee A. Goldberg
                                       Morris E. Cohen
                                       Limor Wigder
                                       GOLDBERG COHEN LLP
                                       1350 Avenue of the Americas, 3rd Floor
                                       New York, New York 10019
                                       (646) 380-2087 (phone – main)
                                       (646) 380-2084 (phone – direct)
                                       (646) 514-2123 (fax)
                                       LGoldberg@GoldbergCohen.com
                                       MCohen@GoldbergCohen.com
                                       LWigder@GoldbergCohen.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, a true and correct copy of the foregoing was served on counsel of record via the Court's ECF system.

Dated: May 24, 2019                              */s/ Lee A. Goldberg*

_____

Lee A. Goldberg