Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Dwana S. Dixon (DD 0609)
ddixon@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Beverly Hills Teddy Bear Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY HILLS TEDDY BEAR COMPANY<br>*Plaintiff*<br><br>v.<br><br>BEST BRANDS CONSUMER PRODUCTS, INC.; and BEST BRANDS SALES COMPANY, LLC<br>*Defendants* | CIVIL ACTION No. 19-cv-3766<br><br>**FIRST AMENDED COMPLAINT**<br><br>**Jury Trial Requested** |

Plaintiff Beverly Hills Teddy Bear Company, a corporation organized in California, ("BHTBC" or "Plaintiff"), by and through its undersigned counsel, alleges as follows:

**NATURE OF THE ACTION**

1. This action involves claims for copyright infringement of BHTBC's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. (the "Action"), arising from Defendants' infringement of BHTBC's Squeezamals Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising,

marketing, promoting, distributing, displaying, offering for sale, and/or selling unlicensed, infringing versions of BHTBC' Squeezamals Products (as defined *infra*).

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this Action arises out of violations of the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

3. Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 301, § 302(a)(1), N.Y.C.P.L.R. § 302(a)(2) and N.Y.C.P.L.R. § 302(a)(3) because, upon information and belief, Defendants are incorporated and/or domiciled within the State of New York, regularly conduct, transact, and/or solicit business in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and in this judicial district, supply their goods (including, upon information and belief, Infringing Products, as defined *infra*) and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' infringing actions caused injury to BHTBC in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district.

4. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants reside in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and harm to Plaintiff has occurred in this district.

## THE PARTIES

5. BHTBC is a company organized in California, with a principal place of business at 24625 Railroad Avenue, Santa Clarita, California, 91321.

6. Upon information and belief, Defendant Best Brands Consumer Products, Inc. is a New York corporation, having a principal place of business at 20 West 33rd Street, 5th Floor, New York, NY 10001 ("Best Brands").

7. Upon information and belief, Defendant Best Brands Sales Company, LLC is a New York limited liability company, having a principal place of business at 20 West 33rd Street, 5th Floor, New York, NY 10001 ("BBSC") ("Best Brands" and "BBSC" are hereinafter referred to collectively as "Defendants").

## GENERAL ALLEGATIONS
### BHTBC and Its Well-Known Squeezamals Products

8. Plaintiff is a leading global designer, creator and manufacturer of custom, private label toys, gifts, and plush, among other things, which are marketed under well-known brands such as Squeezamals®, Surprizamals®, Glow Glove®, and Glow to Go® ("BHTBC Product(s)").

9. One of Plaintiff's most recent and successful BHTBC Products is its line of collectible, scented, super-squeezy slow rise foam stuffed toys, which BHTBC designed to look like various animals and/or other characters (e.g., sloths, narwhals, dogs, etc.) ("Squeezamals Product(s)").

10. The Squeezamals Products, which are available throughout the United States and in over sixty (60) countries worldwide, are sold via BHTBC's website devoted to the same (*see* www.squeezamals.com), along with quality toy stores, major retailers and online marketplaces, such as Walmart, Target, and Amazon.com.

3

11. Squeezamals Products generally come in two (2) sizes, with the smaller version retailing for $7.99 each, and the larger version retailing for $15.99 each.

12. The Squeezamals Products have achieved great success and immense popularity since their introduction in early 2018.

13. In fact, the Squeezamals Products were awarded the title of Plush Toy of the Year by Learning Express Toys.

14. Due to the widespread popularity of the first season of the Squeezamals Products, which consisted of twenty (20) different characters, BHTBC released a second season of Squeezamals Products comprised of additional characters. Currently, there are now over thirty (30) different Squeezamals Products to collect, ranging from Ollie the Owl, Cassie the Cat to Fluffy the Furball and more. Images of some of BHTBC's Squeezamals Products from both seasons, are attached hereto as **Exhibit A** and incorporated herein by reference

15. While BHTBC has gained significant common law trademark and other rights in its Squeezamals Products through its extensive use, advertising and promotion, BHTBC has also protected its valuable rights by filing for and obtaining a federal trademark registration.

16. BHTBC is the owner of U.S. Trademark Registration No. 5,603,339 for "SQUEEZAMALS" for a variety of goods in Class 28 ("Squeezamals Mark"), which is currently in use in commerce in connection with Squeezamals Products, and has a constructive date of first use of February 19, 2018. A true and correct copy of the registration certificate for the Squeezamals Mark is attached hereto as **Exhibit B** and is incorporated herein by reference.

17. In addition, BHTBC owns both registered and unregistered copyrights in and related to the Squeezamals Products.

18. BHTBC has protected its valuable rights by filing for and obtaining U.S. copyright registrations in and relating to the Squeezamals Products. For example, BHTBC is the owner of the following U.S. Copyright Registration Nos.: VA 2-111-231, covering the Squeezamals Series 1 White Cat, VA 2-111-212, covering the Squeezamals Series 1 Dog, VA 2-111-208, covering the Squeezamals Series 1 Monkey, VA 2-111-202, covering the Squeezamals Series 1 Panda, VA 2-111-230, covering the Squeezamals Series 1 Penguin, VA 2-112-188, covering the Squeezamals Series 1 Unicorn, VA 2-140-693, covering the Squeezamals Series 1 Teal Cat, VA 2-140-694, covering the Squeezamals Series 1 Duck, VA 2-140-678, covering the Squeezamals Series 1 Ladybug, VA 2-140-680, covering the Squeezamals Series 1 Pink Owl, VA 2-140-672, covering the Squeezamals Series 1 Bunny, VA 2-140-676, covering the Squeezamals Series 1 Fox, VA 2-140-679, covering the Squeezamals Series 1 Pig, VA 2-112-164, covering the Squeezamals Series 1 Packaging, VA 2-129-675, covering the Squeezamals Season 2 Elephant, VA 2-129-679, covering the Squeezamals Season 2 Furball, VA 2-129-672, covering the Squeezamals Season 2 Giraffe, and VA 2-129-669, covering the Squeezamals Season 2 Zebra. (collectively, "Squeezamals Works"). True and correct copies of the registration certificates, and the corresponding deposit materials, for the Squeezamals Works are attached hereto as **Exhibit C** and incorporated herein by reference.

19. BHTBC has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Squeezamals Products, Squeezamals Mark and Squeezamals Works.

20. The success of the Squeezamals Products is due in large part to BHTBC's marketing, promotion and distribution efforts. These efforts include, but are not limited to, the advertising and promotion of the Squeezamals Products through nationwide television advertising

campaigns for the Squeezamals Products, print and internet-based advertising and publicity for the Squeezamals Products, placement of the Squeezamals Products at dozens of authorized major retail outlets, both domestically and abroad, and BHTBC's participation in major industry toy fairs in both New York and Hong Kong.

21. BHTBC's and the Squeezamals Products' success are also due to BHTBC's use of high-quality materials and processes in making the Squeezamals Products.

22. Additionally, BHTBC owes a substantial amount of the success of the Squeezamals Products to its consumers and the word-of-mouth buzz that its consumers have generated.

23. As a result of BHTBC's efforts, the quality of its Squeezamals Products, its promotions, press and media coverage, and word-of mouth-buzz, the Squeezamals Products, Squeezamals Works, and Squeezamals Mark have become prominently placed in the minds of the public. Members of the public have become familiar with the Squeezamals Products, Squeezamals Works, and Squeezamals Mark, and have come to recognize the Squeezamals Products, Squeezamals Works, and Squeezamals Mark and associate them exclusively with BHTBC.

24. BHTBC has gone to great lengths to protect its interests in and to the Squeezamals Works and Squeezamals Mark. No one other than BHTBC is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Squeezamals Works or Squeezamals Mark without the express written permission of BHTBC.

### Defendants' Wrongful and Infringing Conduct

25. In light of BHTBC's enormous success, particularly with respect to the Squeezamals Products, as well as the reputation that they have gained, BHTBC and its Squeezamals Products have become targets for unscrupulous individuals and entities that wish to exploit the goodwill, reputation, and fame BHTBC has amassed in its Squeezamals Products, Squeezamals Works, and Squeezamals Mark.

26. BHTBC investigates and enforces against such activity, and through such efforts, learned of Defendants' actions, which vary and include, but are not limited to, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling products bearing one or more of BHTBC's Squeezamals Works, and/or products in packaging and/or containing labels and/or artwork that is substantially similar to one or more of BHTBC's Squeezamals Works, and/or products that are identical or substantially similar to the Squeezamals Products (hereinafter referred to as "Infringing Product(s)") to U.S. consumers, including those located in the State of New York, through, at a minimum, retail stores, such as Walmart, where authentic Squeezamals Products are also sold.

27. Plaintiff first became aware of Defendants' infringing activities on or about March 2019, when an employee of BHTBC came across an Instagram posting depicting Infringing Products, and the packaging thereof, which identified Defendants as the source, at an unidentified Walmart retail location. Screenshots of said Instagram post, taken by Plaintiff's counsel, are enclosed herewith as **Exhibit D**.

28. A side-by-side comparison of some of Plaintiff's Squeezamals Products to the Infringing Products, featured in the Instagram post in **Exhibit D**, appears on the following page:



29.     Thereafter, on March 27, 2019, Plaintiff's counsel sent a cease and desist letter to Defendants ("Best Brands C&D").  A true and correct copy of the Best Brands C&D is attached hereto as **Exhibit E.**

30.     Even after the mailing of the Best Brands C&D, Plaintiff continued to receive correspondence from customers, and the like, regarding Infringing Products located at Walmart.  A redacted screenshot of an Infringing Product taken at an unidentified Walmart retail location, received by one of Plaintiff's employees, is attached hereto as **Exhibit F**.

31.     Thereafter, on April 18, 2019, an employee of Plaintiff made a purchase of one of the Infringing Products from a Walmart retail store location.  A true and correct photograph, taken by said employee, of said Infringing Product and the purchase receipt for the same is attached hereto as **Exhibit G.**

32.     On April 19, 2019, another employee of Plaintiff made an additional purchase of several Infringing Products from a Walmart retail store location.  True and correct photographs,

taken by Plaintiff's counsel, of said Infringing Products and a scanned copy of the purchase receipt for the same is attached hereto as **Exhibit H**.

33. A side-by-side comparison of some of Plaintiff's Squeezamals Products to the Infringing Products, shown on **Exhibit H**, appears below:

| **Squeezamals Product** | **Infringing Products** |
|---|---|
| (images of plush animals: pig, chick, fox, unicorn, monkey, ladybug, cat, bunny) | (images of "Fuzzy Squishy" branded plush animals in corresponding designs) |

34. Plaintiff's counsel received a response to the Best Brands C&D; however, to date, Defendants have failed to address all of Plaintiff's reasonable requests and the parties have been unable to resolve this matter.

35. Defendants are not, and have never been, authorized by BHTBC or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale, or sell the Squeezamals Products or to use BHTBC's Squeezamals Works, or any artwork that is substantially similar to the Squeezamals Works.

36. By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products), Defendants have violated BHTBC's

9

exclusive rights in its Squeezamals Works, and have used images, designs and/or artwork that are substantially similar to, identical to, and/or constitute infringement of BHTBC's Squeezamals Works in order to confuse consumers into believing that such Infringing Products are BHTBC's Squeezamals Products and aid in the promotion and sales of their Infringing Products. Defendants' conduct began long after BHTBC's adoption and use of its Squeezamals Works, and after BHTBC's Squeezamals Products became well-known to the purchasing public.

37. Prior to and contemporaneous with their actions alleged herein, Defendants had knowledge of BHTBC's ownership of its Squeezamals Works, of the fame and incalculable goodwill associated therewith, and of the popularity and success of the Squeezamals Products, and in bad faith adopted BHTBC's Squeezamals Works.

38. Defendants have been engaging in the illegal infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to BHTBC's rights, or in bad faith, for the purpose of trading on the reputation of BHTBC, BHTBC's Squeezamals Works, and Squeezamals Products.

39. In committing these acts, Defendants have, among other things, willfully and in bad faith infringed the Squeezamals Works, and have profited from such activities at BHTBC's expense.

40. Unless enjoined, Defendants will continue to cause irreparable harm to BHTBC.

## CAUSE OF ACTION

### FIRST CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

41. BHTBC repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

42. BHTBC is the exclusive owner of the Squeezamals Works.

43. Defendants had actual notice of BHTBC's exclusive rights in and to the Squeezamals Works.

44. Defendants did not attempt and therefore inherently failed to obtain BHTBC's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market BHTBC's Squeezamals Products and/or Squeezamals Works.

45. Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed BHTBC's Squeezamals Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products that bear such Squeezamals Works, or artwork that is, at a minimum, substantially similar to BHTBC's Squeezamals Works.

46. Defendants' unlawful and willful actions as alleged herein constitute infringement of BHTBC's Squeezamals Works, including BHTBC's exclusive rights to reproduce, distribute, and/or sell such Squeezamals Works in violation of 17 U.S.C. § 501(a).

47. Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to BHTBC in an amount as yet unknown but to be proven at trial, for which BHTBC has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to BHTBC.

48. Based on Defendants' wrongful conduct, BHTBC is entitled to injunctive relief, BHTBC's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, BHTBC prays for judgment against Defendants, inclusive and each of

them, as follows:

    A.    For an award of BHTBC's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of BHTBC's Squeezamals Works under 17 U.S.C. § 501(a);

    B.    In the alternative to BHTBC's actual damages and Defendants' profits for copyright infringement of BHTBC's Squeezamals Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which BHTBC may elect prior to the rendering of final judgment;

    C.    For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

        i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

        ii. directly or indirectly infringing in any manner any of BHTBC's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, BHTBC's Squeezamals Works;

        iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, BHTBC's Squeezamals

       Works to identify any goods or services not authorized by BHTBC;

  iv.  using any of BHTBC's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, BHTBC's Squeezamals Works, or any other artwork that is substantially similar to BHTBC's Squeezamals Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Infringing Products;

  v.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants with BHTBC, and/or as to the origin, sponsorship, or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants and Defendants' commercial activities by BHTBC;

  vi.  engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Infringing Products;

  vii.  engaging in any other actions that constitute unfair competition with BHTBC;

  viii.  engaging in any other act in derogation of BHTBC's rights;

13

      ix. secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

      x. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

      xi. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above; and

D.    For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to BHTBC for destruction any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of BHTBC's trademarks, copyrights, or other rights including, without limitation, BHTBC's Squeezamals Works, or bear any artwork that is substantially similar to BHTBC's Squeezamals Works;

E.    For an order of the Court requiring that Defendants deliver up for impounding and/or destruction to BHTBC any and all Infringing Products and any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of BHTBC's trademarks,

copyrights, or other rights including, without limitation, BHTBC's Squeezamals Works, or bear any artwork that is substantially similar to BHTBC's Squeezamals Works pursuant to 17 U.S.C. § 503;

F. For an order from the Court requiring that Defendants provide complete accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing Products as described herein, including prejudgment interest;

G. For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to BHTBC;

H. For an award of exemplary or punitive damages in an amount to be determined by the Court;

I. For BHTBC's reasonable attorneys' fees;

J. For all costs of suit; and

K. For such other and further relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

BHTBC respectfully demands a trial by jury on all claims.


Dated: July 8, 2019      Respectfully submitted,




               **EPSTEIN DRANGEL LLP**

BY: /s/ Dwana S. Dixon
Dwana S. Dixon (DD 0609)
ddixon@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Beverly Hills Teddy Bear Company*