Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Dwana S. Dixon (DD 0609)
ddixon@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Beverly Hills Teddy Bear Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY HILLS TEDDY BEAR COMPANY<br>*Plaintiff*<br><br>v.<br><br>BEST BRANDS CONSUMER PRODUCTS, INC.; and BEST BRANDS SALES COMPANY, LLC<br>*Defendants* | CIVIL ACTION No. 19-cv-3766-GHW |

**PLAINTIFF'S RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFF**

Plaintiff Beverly Hills Teddy Bear Company ("BHTBC" or "Plaintiff"), by its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26 and 33 and Rule 33.3 of the Local Rules for the Southern District of New York, hereby responds to Defendant Best Brands Consumer Products, Inc.'s and Best Brands Sales Company, LLC's (collectively, "Defendants") Second Set of Interrogatories to Plaintiff (the "Interrogatories", each an "Interrogatory") as follows:

1

Exhibit 3

**DEFINITIONS**

1. "BHTBC" or "Plaintiff" means Plaintiff Beverly Hills Teddy Bear Company, along with (where applicable) its respective present or former officers, directors, agents, employees, partners, representatives, consultants, independent contractors, corporate parent(s), subsidiaries or affiliates.

2. "Defendants" means Defendant Best Brands Consumer Products, Inc. and Best Brands Sales Company, LLC, along with (where applicable) each of their respective present or former officers, directors, agents, employees, partners, representatives, consultants, independent contractors, corporate parent(s), subsidiaries or affiliates.

3. "FAC" means Plaintiff's First Amended Complaint, filed in the instant action on July 8, 2019 (*Docket Entry No. 23*).

4. "Squeezamals Products" means, as defined in Paragraph 9 of the FAC, BHTBC's line of collectible, scented, super-squeezy slow rise foam stuffed toys, which BHTBC designed to look like various animals and/or other characters (e.g., sloths, narwhals, dogs, etc.).

5. "Squeezamals Works" means, as defined in Paragraph 18 of the FAC, BHTBC's copyrights relating to its Squeezamals Products, including the following U.S. Copyright Registration Nos.: VA 2-111-231, covering the Squeezamals Series 1 White Cat, VA 2-111-212, covering the Squeezamals Series 1 Dog, VA 2-111-208, covering the Squeezamals Series 1 Monkey, VA 2-111-202, covering the Squeezamals Series 1 Panda, VA 2-111-230, covering the Squeezamals Series 1 Penguin, VA 2-112-188, covering the Squeezamals Series 1 Unicorn, VA 2-140-693, covering the Squeezamals Series 1 Teal Cat, VA 2-140-694, covering the Squeezamals Series 1 Duck, VA 2-140-678, covering the Squeezamals Series 1 Ladybug, VA 2-140-680, covering the Squeezamals Series 1 Pink Owl, VA 2-140-672, covering the Squeezamals Series 1 Bunny, VA 2-140-676, covering the Squeezamals Series 1 Fox, VA 2-

Exhibit 3

140-679, covering the Squeezamals Series 1 Pig, VA 2-112-164, covering the Squeezamals Series 1 Packaging, VA 2-129-675, covering the Squeezamals Season 2 Elephant, VA 2-129-679, covering the Squeezamals Season 2 Furball, VA 2-129-672, covering the Squeezamals Season 2 Giraffe, and VA 2-129-669, covering the Squeezamals Season 2 Zebra.

6. "Infringing Products" means, as defined in Paragraph 26 of the FAC, Defendants' products that Plaintiff alleges bear one or more of BHTBC's Squeezamals Works or are identical or substantially similar to the Squeezamals Works and/or have packaging and/or contain labels and/or artwork that is substantially similar to one or more of BHTBC's Squeezamals Works.

## GENERAL OBJECTIONS

Plaintiff hereby asserts the following general objections ("General Objections") and hereby incorporates its General Objections into each of the individual responses set forth below:

1. Plaintiff objects to each definition included in the Interrogatories to the extent that any conflict with or are less encompassing than Plaintiff's definition(s). Where a defined term is referenced by Plaintiff and not defined herein, the defined term should be understood as it was defined in Plaintiff's FAC, all such definitions being incorporated herein by reference.

2. Plaintiff objects to each definition, instruction, and interrogatory request in the Interrogatories to the extent that any impose obligations on Plaintiff beyond those required by the Federal Rules of Civil Procedure and/or Rule 33.3 of the Local Rules for the Southern District of New York.

3. Plaintiff objects to the Interrogatories to the extent that they seek information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, in responding to the Interrogatories, Plaintiff concedes neither the relevance nor the materiality of the responsive information. Plaintiff reserves the right to object to any further discovery on any of the topics contained in the

Exhibit 3

reserved: all objections as to competency, relevancy, materiality, and admissibility of the subject matter in the Interrogatories; all objections as to vagueness, ambiguity, or undue burden; all objections to the use of any information, document or things identified or provided in response to the Interrogatories; all objections to any request for further responses to the Interrogatories or other discovery requests; all objections to the privileged or work-product nature of any information, document or thing; and any other objections that would require or permit the exclusion from evidence of any information, document or things provided in response to the Interrogatories, all such objections which are reserved and may be interposed at the time of trial.

## RESPONSES TO THE INTERROGATORIES

**INTERROGATORY NO. 11:** For the period before and up until December 2017, state the date of first sale of all products with the "star moon and sun eyes" (see, for example, BHTBC000225) and any similar products. Your response should include an identification of all documents in your production supporting or relating to your response.

**RESPONSE:** Plaintiff specifically objects to this Interrogatory as overbroad and seeking information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving any of the General Objections above, there is no such date for the stated time period (i.e., before and up until December 2017).

**INTERROGATORY NO. 12:** List all prior art that was relied upon in the creation, conception, and the design of the Squeezamals Products and/or provided to any of the designers of those products, with references to bates numbers in your production illustrating the same.

**RESPONSE:** Plaintiff specifically objects to this Interrogatory as overbroad, given that it

Exhibit 3

encompasses all Squeezamals Products, not only the particular styles at issue here. Subject to the foregoing objection, and without waiving any of the General Objections above, participants in the design contest that BHTBC hosted on **www.99designs.com** (the "Contest") were provided with links to **www.bcmini.com** and **www.sillysquishies.com**, as well as an image of one of Plaintiff's Surprizamals toys, for inspiration. Since the designs for the Squeezamals Products were acquired by Plaintiff as a result of the Contest and were not designed by employees of Plaintiff, Plaintiff does not have knowledge of what prior art, if any, was "relied upon in the creation, conception and the design of the Squeezamal products". The listing for the Contest was produced as BHTBC000096-BHTBC000097.

**INTERROGATORY NO. 13:** Identify every individual who had knowledge of bcmini.com and sillysquishies.com prior to the date that the criteria for the design contest was submitted by your company (see for example, BHTBC000096-BHTBC000100), including, but not limited to, the identity of all individuals who filled out that criteria and/or contributed to it.

**RESPONSE:** Plaintiff specifically objects to this Interrogatory as overbroad, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving any of the General Objections above, the criteria for the Contest was developed by Luke Solomon, an employee of BHTBC. Mr. Solomon is unsure which employee(s) of BHTBC identified the bcmini.com and sillysquishies.com links to him for inclusion as a potential inspiration reference in the criteria for the Contest, but Mr. Solomon was himself unaware of said links prior to being notified by said employee(s).

**INTERROGATORY NO. 14:** Identify, for each feature of the Squeezamals Products, the alleged source of that feature, including, but not limited to, any prior art for that particular feature, as well as

7

Exhibit 3

identifying which individual came up with that feature.

**RESPONSE:** Plaintiff specifically objects to this Interrogatory as overbroad, vague, ambiguous, and seeking information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence, given, among other things, that it calls for prior art not actually relied upon or known to Plaintiff. Subject to the foregoing objections, see Plaintiff's response to Interrogatory No. 12, incorporated herein by reference, regarding prior art. The source of each feature of the Squeezamals Products and the individuals involved (Benson Tijo and Francesca Ibba) are shown in documents produced as BHTBC000086-BHTBC000093 and BHTBC000098-BHTBC000100.

**INTERROGATORY NO. 15:** Identify the source of the information for each response to each of [Plaintiffs'] interrogatories (including, but not limited to, the first and second set) including but not limited to, the person or persons knowledgeable as to the information requested in each of Plaintiffs' interrogatories, all persons assisting with preparation of responses to the interrogatories, and all documents referred to and/or relied on in responding to the interrogatories.

**RESPONSE:** Plaintiff specifically objects to this Interrogatory as overbroad and duplicative. Subject to the foregoing objections, and without waiving any of the General Objections above, the persons with the most knowledge regarding the information provided herein and/or those who aided in the preparation of BHTBC's responses are: David Socha, Randy Clark and Luke Solomon.

Dated: December 16, 2019

As to Interrogatory responses:

**BEVERLY HILLS TEDDY BEAR COMPANY**

By: _____

Name: <u>Luke Solomon</u>

Exhibit 3

Title: <u>Sales Administrator</u>

As to objections:

BY:   */s/ Dwana S. Dixon*
Dwana S. Dixon (DD 0609)
ddixon@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
New York, NY 10165
Telephone:   (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff Beverly Hills Teddy Bear Company*

Exhibit 3

## VERIFICATION

I, Luke Solomon, hereby verify as follows:

1. I am a Sales Administrator at Plaintiff Beverly Hills Teddy Bear Company ("BHTBC" or "Plaintiff"). I am authorized to make this Verification and answer Defendant Best Brands Consumer Products, Inc.'s and Best Brands Sales Company, LLC's Second Set of Interrogatories to Plaintiff (the "Second Interrogatories") on Plaintiff's behalf.

2. I have read and reviewed the foregoing responses to the Interrogatories and the contents thereof are true to the best of my knowledge, information and belief.

3. I declare under the penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Dated: December 16, 2019

_____
Luke Solomon

Exhibit 3