```
K3CMBEVC                                                             1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

BEVERLY HILLS TEDDY BEAR
COMPANY,

                Plaintiff,

            v.                              19 CV 3766 (GHW)

BEST BRANDS CONSUMER PRODUCTS,
INC. and BEST BRANDS SALES
COMPANY, LLC,

                Defendants.               Telephone Conference

------------------------------x
                                           New York, N.Y.
                                           March 12, 2020
                                           1:05 p.m.

Before:

                    HON. GREGORY H. WOODS,

                                           District Judge

                        APPEARANCES

EPSTEIN DRANGEL LLP
     Attorneys for Plaintiff
BY:  JASON M. DRANGEL
     KERRY BROWNLEE
     DWANA DIXON

GOLDBERG COHEN LLP
     Attorneys for Defendants
BY:  LEE A. GOLDBERG
     MORRIS E. COHEN
```

Exhibit 19

1  these determinations cannot be made on summary judgment.  We
2  believe, though, that this case is ripe for summary judgment in
3  a different end.
4          The cases that defendants' counsel just cited, *Boisson*
5  and *Zalewski*, they are entirely distinguishable.  One involves
6  architectural work and one involves intricate quilt design.
7          Here we are talking about toys.  The toys at issue
8  here are not derivative works.  There is no evidence that
9  defendants can reasonably put forth that these are derivative
10 works derived from anything previously or in the public domain.
11 Toys generally, these are animals toys, so they are
12 manifestations of something preexisting in nature.
13         THE COURT:  I'm sorry, counsel.  I just need to pause
14 you.  My understanding was that these products were derived as
15 a result of a competition in which your client showed
16 competitors preexisting toys and, to paraphrase, asked them to
17 do something like this.
18         If that's generally right, what's the basis for your
19 contention that there is nothing out there, other creative work
20 upon which this work was based and the suggestion that instead
21 these are based on the natural animals?
22         MS. BROWNLEE:  So, your Honor, they were given two
23 links to other types of toys for inspiration.  Nothing original
24 was taken from them.  The toy industry, generally, it builds on
25 top of each other.  You have a doll, but nothing copyrightable

Exhibit 19