```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BEVERLY HILLS TEDDY BEAR COMPANY,  :
                                                                             :
                            Plaintiff,  :
                                                               :                1:19-cv-3766-GHW
                -against-                    :
                                                               :                ORDER
BEST BRANDS CONSUMER PRODUCTS, INC., :
and BEST BRANDS SALES COMPANY, LLC,  :
                                                                      :
                              Defendants.  :
-------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

    Beverly Hills Teddy Bear Company ("Beverly Hills") has asked that this Court permit the sealing of two exhibits filed in support of Defendants' motion for a referral to the Copyright Office. For the reasons that follow, that application is GRANTED.

    In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (quotation omitted). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Beverly Hills has met this burden of proof.  True, the information Plaintiff seeks to seal is contained in an exhibit presented to the Court to adjudicate Defendants' motion for a referral to the Copyright Office, both "relevant to the performance of the judicial function and useful in the judicial process[.]"  *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995).  But with respect to step two, the Court gives very low weight to the public's presumption of access to the information Beverly Hills seeks to shield.  The name of Plaintiff's toy manufacturer was not relevant to the Court's determination to not refer Defendants' questions to the Copyright Office at this point.  *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason."); *KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16 Civ. 8958 (JFK), 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (document's "irrelevance to the issues before the Court . . . places the presumption of public access at the nadir of the continuum of the weight to be given to the presumption").  And step three also counsels the Court to permit sealing these exhibits; Plaintiff's proposed redactions are limited to the name of its toy manufacturer, information that, if revealed "may provide valuable insights into a company's current business practices that a competitor would seek to exploit."  *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (quotation omitted).

Although Defendants assert that this information is publicly available, the Court notes that the screenshot provided to the Court by Defendants indicates only that the manufacturer supplies other products to Plaintiff—not the products at issue in this litigation.  On this record, the Court does not understand this information to be publicly available.

For these reasons, the parties are directed to file all of the other otherwise sealed documents on the public docket, and file the redacted versions of Exhibits 21 and 24 on the public docket.

Additionally, Defendants are directed to refile the brief in support of their motion, redacting the identity of Plaintiff's manufacturer on the page identified by Plaintiff at Dkt. No. 59.

SO ORDERED.

Dated:  June 10, 2020

_____
GREGORY H. WOODS
United States District Judge