```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   BEVERLY HILLS TEDDY BEAR
     COMPANY,
 4
                   Plaintiff,
 5
              v.                           19 CV 3766 (GHW)
 6
     BEST BRANDS CONSUMER PRODUCTS,
 7   INC. and BEST BRANDS SALES
     COMPANY, LLC,
 8
                   Defendants.             Telephone Conference
 9
     ------------------------------x
10                                         New York, N.Y.
                                           March 12, 2020
11                                         1:05 p.m.

12   Before:

13                     HON. GREGORY H. WOODS,

14                                         District Judge

15                          APPEARANCES

16   EPSTEIN DRANGEL LLP
          Attorneys for Plaintiff
17   BY:  JASON M. DRANGEL
          KERRY BROWNLEE
18        DWANA DIXON

19   GOLDBERG COHEN LLP
          Attorneys for Defendants
20   BY:  LEE A. GOLDBERG
          MORRIS E. COHEN
21

22

23

24

25
```

Exhibit 19

1  these determinations cannot be made on summary judgment.  We

2  believe, though, that this case is ripe for summary judgment in

3  a different end.

4          The cases that defendants' counsel just cited, *Boisson*

5  and *Zalewski*, they are entirely distinguishable.  One involves

6  architectural work and one involves intricate quilt design.

7          Here we are talking about toys.  The toys at issue

8  here are not derivative works.  There is no evidence that

9  defendants can reasonably put forth that these are derivative

10 works derived from anything previously or in the public domain.

11 Toys generally, these are animals toys, so they are

12 manifestations of something preexisting in nature.

13          THE COURT:  I'm sorry, counsel.  I just need to pause

14 you.  My understanding was that these products were derived as

15 a result of a competition in which your client showed

16 competitors preexisting toys and, to paraphrase, asked them to

17 do something like this.

18          If that's generally right, what's the basis for your

19 contention that there is nothing out there, other creative work

20 upon which this work was based and the suggestion that instead

21 these are based on the natural animals?

22          MS. BROWNLEE:  So, your Honor, they were given two

23 links to other types of toys for inspiration.  Nothing original

24 was taken from them.  The toy industry, generally, it builds on

25 top of each other.  You have a doll, but nothing copyrightable

Exhibit 19