UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY HILLS TEDDY BEAR COMPANY<br><br>Plaintiff,<br><br>v.<br><br>BEST BRANDS CONSUMER PRODUCTS, INC.,<br>and BEST BRANDS SALES COMPANY, LLC<br><br>Defendants. | Civil Action No.:<br><br>1:19-cv-3766 (GHW) |

**DECLARATION OF MORRIS E. COHEN
IN SUPPORT OF DEFENDANTS' MOTION FOR
DISCOVERY SANCTIONS**

I, Morris E. Cohen, an attorney with Goldberg Cohen LLP ("GC"), counsel to Defendants in this action, declare the following under penalty of perjury:

1.      Attached as Exhibit 1 to Defendants' brief is a true and correct copy of a document titled Non-Exclusive License Agreement, dated June 16, 2017 between GennComm LLC and Beverly Hills Teddy Bear Co.

2.      Attached as Exhibit 2 to Defendants' brief is a true and correct copy of Plaintiff Beverly Hills' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1).

3.      Attached as Exhibit 3 to Defendants' brief is a true and correct copy of Defendants' First Set of Requests for Production to Plaintiff.

4.      Attached as Exhibit 4 to Defendants' brief is a true and correct copy of Plaintiff's Responses to Defendants' First Set of Interrogatories.

5.      Attached as Exhibit 5 to Defendants' brief is a true and correct copy of Plaintiff's Responses to Defendants' Second Set of Interrogatories.

1

6.      Attached as Exhibit 6 to Defendants' brief is a true and correct copy of an email dated Wednesday December 18, 2019 from Defendants' attorney Limor Wigder to Plaintiff's attorneys.

7.      Attached as Exhibit 7 to Defendants' brief is a true and correct copy brief of an email dated Tuesday December 31, 2019 from Defendants' attorney Limor Wigder to Plaintiff's attorneys.

8.      Attached as Exhibit 8 to Defendants' brief is brief is a true and correct copy of an email dated Wednesday January 15, 2020 from Defendants' attorney Limor Wigder to Plaintiff's attorneys.

9.      Attached as Exhibit 9 to Defendants' brief is a true and correct copy of an email dated Friday February 28, 2020 from Plaintiff's attorney Dwana Dixon to Defendants' attorneys.

10.     Attached as Exhibit 10 to Defendants' brief is a true and correct copy of an excerpt from the transcript of the 30(b)(6) deposition of David Socha dated February 25, 2020.

11.     Attached as Exhibit 11 to Defendants' brief is a true and correct copy of GennComm LLC's ("GennComm's") Verified First Amended Complaint in the Superior Court of the State of California for the County of Los Angeles – Northwest District, Case No. 18VECV00045.

12.     Attached as Exhibit 12 to Defendants' brief is a true and correct copy of Beverly Hills' Third Amended Cross-Complaint in the Superior Court of the State of California for the County of Los Angeles – Northwest District, Case No. 18VECV00045.

13.     Attached as Exhibit 13 to Defendants' brief is a true and correct copy of Beverly Hill's Complaint against GennComm in the United States District Court for the Central District of California – Western District, Civil Action No. 2:20-cv-02849-CJC-JEM.

14.     Attached as Exhibit 14 to Defendants' brief is a true and correct copy of GennComm's Memorandum of Points and Authorities, Dkt. 22-1, in the U.S. District Court for the Central District of California – Western District, Civil Action No. 2:20-cv-02849-CJC-JEM.

15.     Attached as Exhibit 15 to Defendants' brief is a true and correct copy of the Declaration of Genna Rosenberg, Dkt. 22-2, in the U.S. District Court for the Central District of California – Western District, Civil Action No. 2:20-cv-02849-CJC-JEM.

16.     Attached as Exhibit 16 to Defendants' brief is a true and correct copy of what has been represented to us to be GennComm's Provisional Application filed in the U.S. Patent and Trademark Office.

17.     Attached as Exhibit 17 to Defendants' brief is a true and correct copy of GennComm's U.S. Patent No. 10,427,061 B2.

18.     Attached as Exhibit 18 to Defendants' brief is a true and correct copy of GennComm's U.S. Patent No. 10,596,475 B2.

19.     Attached as Exhibit 19 to Defendants' brief is a true and correct copy of Beverly Hills' Answer to Plaintiff GennComm's Verified First Amended Complaint in the Superior Court of the State of California for the County of Los Angeles – Northwest District, Case No. 18VECV00045.

20.     Attached as Exhibit 20 to Defendants' brief is a true and correct copy of an excerpt of the attorney biography of Bret G. Anderson posted on the website of Ferguson Case Orr Paterson LLP.

21.     Attached as Exhibit 21 to Defendants' brief is a true and correct copy of an excerpt of the profile of Tyler Train posted on Linked-In, and of the attorney biography of Tyler Train posted on the website of Womble Bond Dickinson.

22.     Attached as Exhibit 22 to Defendants' brief is a true and correct copy of a Confidential Settlement Agreement and Release between Plaintiff and Royal Deluxe Accessories LLC, obtained from Plaintiff during discovery in this matter.

23.     Attached as Exhibit 23 to Defendants' brief is a true and correct copy of a Confidential Settlement Agreement and Release between Plaintiff and Michael & Michelle Enterprise, Inc. obtained from Plaintiff during discovery in this matter.

24.     Attached as Exhibit 24 to Defendants' brief a true and correct copy of a Confidential Settlement Agreement and Release between Plaintiff and Cloud Commerce Systems Limited, obtained from Plaintiff during discovery in this matter.

25.     Attached as Exhibit 25 to Defendants' brief is a true and correct copy of a letter dated April 28, 2020 from GennComm LLC to David Socha of Beverly Hills Teddy Bear Co, which was obtained from GennComm's attorney.

26.     Attached as Exhibit 26 to Defendants' brief is a true and correct copy of the Response of the Register of Copyrights in *Design Tech Homes, Ltd. v. RVision Homes, Ltd., et al.*, Civil Action No. H-18-4268, Dkt. No. 115-1, United States District Court for the Southern District of Texas, Houston Division.

27.     Attached as Exhibit 27 to Defendants' brief is a true and correct copy of the Response of the Acting Register of Copyrights in *Urban Textile, Inc. v. Fashion Avenue Knits, Inc., et al.,* Civil Action No. CV-16-6786-MWF (KSx), Dkt. No. 71-1, United States District Court for the Central District of California.

4

28.     Attached as Exhibit 28 to Defendants' brief is a true and correct copy of an excerpted copy of the transcript of the Court Conference of July 3, 2019 in this matter.

29.     Attached as Exhibit 29 to Defendants' brief is a true and correct copy of the transcript of the Court Conference of July 17, 2020 in this matter.

30.     Attached as Exhibit 30 to Defendants' brief is a true and correct copy of the transcript of the Court Conference of July 28, 2020 in this matter.

31.     Attached as Exhibit 31 to Defendants' brief is a true and correct copy of Plaintiff's Responses to Defendants' First Set of Requests for Production to Plaintiff.

32.     Attached as Exhibit 32 to Defendants' brief is a true and correct copy of screenshots downloaded from the Internet on August 24, 2020, including images from various websites, showing examples of the Squeezamals sold in a box.

33.     Attached as Exhibit 33 to Defendants' brief is a true and correct copy of Beverly Hills' First Amended and Supplemental Complaint filed against GennComm in the United States District Court for the Central District of California – Western District, Civil Action No. 2:20-cv-02849-CJC-JEM.

34.     Best Brands first learned of the Beverly Hills Agreement with GennComm (the "Agreement") on or about July 14, 2020, after the close of discovery, when GennComm's counsel Perry Goldberg brought it to our attention.

35.     After having reviewed the discovery provided by Beverly Hills, to the best of my knowledge Beverly Hills concealed numerous documents and facts during discovery.

36.     For example, Beverly Hills never produced or otherwise disclosed the Agreement, or its federal and state litigations with GennComm, or the pleadings therein.

5

37.   Beverly Hills never produced or otherwise disclosed the emails sent by Cristy Collins in October 2017, referenced in Ex. 11 at 8, ¶¶41-42.

38.   Beverly Hills never produced or otherwise disclosed that Beverly Hills' President Randy Clark emailed on Nov. 27, 2017 to show GennComm Beverly Hill's use of GennComm's innovation in the Squishamals (*see,* Ex. 11 at ¶48); or that on January 15, 2018, GennComm sent "[Beverly Hills] an email congratulating all of them on the early success of the Squishamals (aka Squeezamals) product line that launched at Target stores" (*see,* Ex. 11 at ¶53); or that David Socha sent GennComm an email on February 28, 2018 proposing that GennComm "do the PR … on Squeezamals" (*see,* Ex. 11 at ¶57).

39.   Beverly Hills never produced or otherwise disclosed the depositions referenced in Exhibit 33 at 27 ¶134 (the deposition of Frome), and ¶138 (the deposition of Daniel Rosenberg (GennComm COO Daniel Rosenberg, *see also,* ¶78).

40.   Beverly Hills also does not appear to have ever produced a copy of the original Target order referenced in Exhibit 11 at ¶49, or the 80% reduction also referenced therein, or otherwise disclosed the original order and subsequent reduction.

41.   Beverly Hills also never produced or otherwise disclosed GennComm's provisional patent application or issued patents (Exhibits 16-18).

42.   Based on searches conducted on the Internet (as shown in Exhibit 32), it appears that Plaintiffs' Squeezamals have repeatedly been sold in a box.

43.   Attached as Exhibit 34 to Defendants' brief is a true and correct copy of a corporate organizational chart for Beverly Hills that it produced during discovery.

I hereby certify and affirm that all of the facts herein are true based upon my personal knowledge, or are believed to be true to the best of my knowledge, and certify the truth of these statements under penalty of perjury.

Dated: August 28, 2020                          */s/ Morris E. Cohen*
                                                Morris E. Cohen