UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY HILLS TEDDY BEAR COMPANY<br>*Plaintiff*<br><br>v.<br><br>BEST BRANDS CONSUMER PRODUCTS, INC.; BEST BRANDS SALES COMPANY, LLC; GENNCOMM, LLC<br>*Defendants* | CIVIL ACTION No. 19-cv-3766-GHW<br><br>**STIPULATION OF FACTS AND [PROPOSED] CONSENT JUDGMENT & DISMISSAL** |

WHEREAS, on November 10, 2020, Plaintiff Beverly Hills Teddy Bear Company ("BHTBC" or "Plaintiff"), filed a Third Amended Complaint (*Docket Entry No. 117*), which, among other things, added Defendant GennComm, LLC ("GennComm") as a party to the instant action (the "Action"), after the Court's determination that GennComm is a necessary party (*see Docket Entry No. 112*);

WHEREAS, Plaintiff and GennComm now desire to settle the controversy between them;

WHEREAS, Plaintiff and GennComm have agreed to resolve this Action with the entry of the Consent Judgment and Dismissal set forth herein, and in furtherance thereof, stipulate to the following facts:

1. This Court has jurisdiction over the subject matter of the Action and personally over GennComm.

2. GennComm and BHTBC entered into a Non-Exclusive License Agreement (the "License Agreement"), dated June 16, 2017, which was primarily intended to serve as a vehicle for licensing GennComm's Pop Up Plush™ intellectual property to BHTBC.

3.     At the time that the License Agreement was executed, it was understood by GennComm and BHTBC that BHTBC could potentially benefit from the use of GennComm's alleged patent rights in developing new product lines.

4.     In early 2018, BHTBC introduced a line of collectible, scented, super-squeezy slow rise foam stuffed toys, which were designed to look like various animals and/or other characters (e.g., sloths, narwhals, dogs, etc.) ("Squeezamals Product(s)").

5.     BHTBC has protected its rights by filing for and obtaining U.S. copyright registrations in and relating to the Squeezamals Products in its name, including the following U.S. Copyright Registration Nos.: VA 2-111-231, covering the Squeezamals Series 1 White Cat; VA 2-111-208, covering the Squeezamals Series 1 Monkey; VA 2-111-230, covering the Squeezamals Series 1 Penguin; VA 2-112-188, covering the Squeezamals Series 1 Unicorn; VA 2-140-693, covering the Squeezamals Series 1 Teal Cat; VA 2-140-694, covering the Squeezamals Series 1 Duck; VA 2-140-678, covering the Squeezamals Series 1 Ladybug; VA 2-140-680, covering the Squeezamals Series 1 Pink Owl; VA 2-140-672, covering the Squeezamals Series 1 Bunny; VA 2-140-676, covering the Squeezamals Series 1 Fox; VA 2-140-679, covering the Squeezamals Series 1 Pig; and VA 2-140-698, covering the Squeezamals Series 1 Narwhal (collectively, "Squeezamals Works").

6.     GennComm had no involvement whatsoever in the design of the Squeezamals Products, and no one associated with GennComm was an "author" of the Squeezamals Works.

7.     On October 15, 2018, GennComm filed a lawsuit in Los Angeles Superior Court against BHTBC (the "State Court Action").

8.     In its Complaint in the State Court Action, GennComm sought payment of royalties that GennComm believed were owed under the License Agreement.

9. In the State Court Action, BHTBC asserted various affirmative defenses and counterclaims, and sought a declaration that the License Agreement was void *ab initio*.

10. In the State Court Action, GennComm did not include any claims relating to copyrights or trademarks.

11. Sections IV and V of the License Agreement contain certain provisions relating to, among other things, copyrights and trademarks, which are conflicting as they relate to copyrights.

12. As part of the License Agreement, BHTBC granted to GennComm an irrevocable power of attorney so that GennComm could enforce whatever rights GennComm had relating to trademarks and copyrights. GennComm never exercised that power of attorney.

13. In December 2019, GennComm raised with BHTBC for the first time the issue of whether GennComm had any rights relating to the trademarks and copyrights for Squeezamals. BHTBC promptly informed GennComm that BHTBC believed that GennComm did not have any such rights because Section V.1 of the License Agreement states that "[a]ll trademarks, service marks, trade names, slogans, logos, copyrights and methods (except as expressly owned or protected by LICENSOR'S provisional patent or other rights) used in connection with the manufacture, sale or advertisement of the ITEM, shall be and remain the sole property of LICENSEE."

14. GennComm and BHTBC have entered into a proposed Stipulated Judgment in the State Court Case that judgment should be entered for BHTBC on GennComm's claims and that the License Agreement should be deemed void *ab initio*.

15. GennComm and BHTBC agree that BHTBC has and at all times has had full ownership of all trademarks and copyrights relating to the Squeezamals Products, including the Squeezamals Works.

16. For the avoidance of doubt, GennComm has assigned *nunc pro tunc* to BHTBC any and all rights that GennComm ever had (if any) relating to any trademarks and copyrights used by BHTBC relating to Squeezamals Products, including but not limited to the right to sue for copyright and trademark infringement (including past damages), including the right to institute this Action.

NOW THEREFORE, upon BHTBC's and GennComm's consent, it is hereby **ORDERED, ADJUGED AND DECREED** that:

A. GennComm has no rights in and to Plaintiff's Squeezamals Works or this Action; and

B. GennComm is hereby dismissed from this Action, without costs or fees to GennComm or BHTBC.

IT IS SO ORDERED.

Signed at New York, N.Y. on _____, 2020.

_____
Hon. Gregory H. Woods
United States District Judge

STIPULATED AND AGREED:

| EPSTEIN DRANGEL LLP | PROGRESS LLP |
|---|---|
| BY: *[signature]* <br> Kerry B. Brownlee (KB0823) <br> kbrownlee@ipcounselors.com <br> 60 East 42nd Street, Suite 2520 | BY: *[signature]* <br> Perry M. Goldberg <br> goldberg@progressllp.com <br> 11620 Wilshire Blvd., 9th Floor |

| | |
|---|---|
| New York, NY 10165<br>Telephone: (212) 292-5390<br>Facsimile: (212) 292-5391<br>*Attorney for Plaintiff Beverly Hills Teddy Bear Company*<br><br>DATED: December 22, 2020 | Los Angeles, CA 90025<br>Telephone: (310) 697-7200<br>Facsimile: (818) 475-1355<br>*Attorney for Defendant GennComm, LLC*<br><br>DATED: December 21, 2020 |