UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY HILLS TEDDY BEAR COMPANY<br><br>Plaintiff,<br><br>v.<br><br>BEST BRANDS CONSUMER PRODUCTS, INC., and BEST BRANDS SALES COMPANY, LLC<br><br>Defendants. | Civil Action No.:<br><br>1:19-cv-3766 (GHW) |

**DEFENDANT BEST BRANDS' MOTION FOR ATTORNEY'S FEES AND EXPENSES AND MEMORANDUM OF LAW IN SUPPORT**

Morris E. Cohen
Lee A. Goldberg
Limor Wigder
GOLDBERG COHEN LLP
1350 Avenue of the Americas, 3rd Floor
New York, New York 10019
(646) 380-2087 (phone – main)
(646) 380-2084 (phone – direct)
(646) 514-2123 (fax)
MCohen@GoldbergCohen.com
LGoldberg@GoldbergCohen.com
LWigder@GoldbergCohen.com

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

BACKGROUND .............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

I.    BEVERLY HILLS IS RESPONSIBLE TO REIMBURSE DEFENDANTS' ATTORNEYS' FEES AND COSTS PURSUANT TO FED. R. CIV. P. 37(C)(1)(A) ...... 2

    A.    Authority for Award of Attorneys' Fees .................................................................. 2

    B.    Amount of Expenses and Fees Owed ...................................................................... 3

II.    APPLICABLE LEGAL STANDARD FOR PRESUMPTIVELY REASONABLE FEE . 5

    A.    Determination of Reasonable Attorneys' Fees ........................................................ 5

    B.    Reasonable Hourly Rates .......................................................................................... 6

    C.    Reasonable Number of Hours Expended ............................................................... 10

CONCLUSION ............................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Arbor Hill Concerned Citizens Neighborhood Assn. v County of Albany*, 522 F3d 182 (2d Cir 2007) ................................................................................................................................. 6, 12
*Bergerson v. New York State Office of Mental Health*, 652 F.3d 277 (2d Cir. 2011) .................... 5
*Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) ................................... 6
*Broad. Music, Inc. v. PAMDH Enters., Inc.*, No. 13-cv-2255 (KMW), 2014 U.S. Dist. LEXIS 84409 (S.D.N.Y. June 19, 2014) ........................................................................................ 8
*Clarke v. Frank,* 960 F.2d 1146 (2d Cir. 1992). ........................................................................... 11
*Diplomatic Man, Inc. v. Nike, Inc.* 2009 U.S. Dist. LEXIS 29343 (S.D.N.Y. April 6, 2009)…...12
*Dweck v. Amadi*, 10-cv-2577 (RMB) (HBP), 2012 U.S. Dist. LEXIS 102987 (S.D.N.Y. July 6, 2012) ................................................................................................................................. 9
*Ebbert v Nassau County, 2011 US Dist LEXIS 150080* (EDNY Dec. 22, 2011, No. CV 05-5445) ................................................................................................................................... 12
*F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250 (2d Cir. 1987) ............................ 6
*Fernandez v N. Shore Orthopedic Surgery & Sports Medicine, P.C.*, 2000 US Dist LEXIS 5285 (EDNY Feb. 4, 2000, Civil Action No. CV 96-4489) ..................................................... 10
*GAKM Res. LLC v. Jaylyn Sales Inc.*, 08-cv-6030 (GEL) (THK), 2009 U.S. Dist. LEXIS 128595 (S.D.N.Y. July 20, 2009) ................................................................................................... 8
*Genger v. Genger*, No. 14 Civ. 5683 (KBF), 2015 U.S. Dist. LEXIS 28813 (S.D.N.Y. Mar. 9, 2015) ................................................................................................................................. 9
*Gierlinger v. Gleason*, 160 F.3d 858 (2d Cir. 1998) ..................................................................... 6
*In re Schaich,* 55 A.D.2d 914, 391 N.Y.S.2d 135 (2d Dep't 1977) ............................................... 6
*Latin Am. Music Co. v Spanish Broadcasting Sys.*, 2020 US Dist LEXIS 96084 (SDNY June 1, 2020, No. 13-cv-1526) .................................................................................................... 9
*Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407 (2d Cir. 1987). ... 6
*New York State Assoc. for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983) ............................................................................................................................................ 4,10,13
O.*R. v NY City Dept. of Educ.*, 340 F Supp 3d 357 (SDNY 2018) .............................................. 12
*OZ Mgmt.,* 2010 U.S. Dist. LEXIS 138873 ............................................................................. 5, 8
*Robbins & Myers, Inc. v J.M. Huber Corp.,* 274 FRD 63 (WDNY 2011) .................................... 3
*Sub—Zero, Inc. v. Sub Zero N.Y. Refrigeration & Appliances Servs., Inc.*, 13-cv-2548 (KMW), 2014 U.S. Dist. LEXIS 45625 (S.D.N.Y. Apr. 1, 2014) ....................................................... 8
*TelenorMobile Communis. AS v. Storm LLC*, 2009 U.S. Dist. LEXIS 18890 (S.D.N.Y. Mar. 6 2009)…………………………………………………………………………………………..12
*Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. Liab. Co.*, 665 F. Supp. 2d 434 (S.D.N.Y. 2009) .................................................................................................. 8,9
*Universal Oil Prods. Co. v. Root Ref. Co.*, 328 U.S. 575, 580, 66 S. Ct. 1176 (1946) ................. 3
*Wells Fargo Bank, NA v Konover,* 2014 US Dist LEXIS 109720 (D Conn Aug. 8, 2014, No. 3:05CV1924) ................................................................................................................... 12

**Rules**

Fed. R. Civ. P. 37(C)(1)(A) ........................................................................................................... 3

## TABLE OF EXHIBITS

Exhibit 1    Relevant Invoices of Defendants' Counsel

Exhibit 2    Spreadsheet Summarizing Invoices

## INTRODUCTION

Best Brands Consumer Products, Inc., and Best Brands Sales Company, LLC ("Best Brands") hereby move against Beverly Hills Teddy Bear Company ("Beverly Hills"), for the attorneys' fees and expenses incurred by Best Brands since the existence of GennComm LLC ("GennComm") came to light.  This motion is pursuant to this Court's December 11, 2020 Order (Dkt. 124) in which the Court ordered Plaintiff "to pay for … Defendants' reasonable attorney's fees and costs that resulted from [Plaintiff's] failure to meet its discovery obligations." Plaintiff's failure created the need for extensive work by Defendant and the Court, including numerous premotion conferences and motions, flowing from Beverly Hills' concealment of GennComm and its agreement with GennComm in 2016.

As per the Court's Order on January 18, 2021 (Dkt. 147), Best Brands was directed to file their motion for attorneys' fees no later than January 29, 2021 (which was extended to February 5, 2021, as per Dkt. 150) for all fees incurred up to that date.  Further thereto, Best Brands submits this application.

## BACKGROUND

When Beverly Hills filed the present copyright lawsuit concerning its "Squeezamal" products, it was well aware that it had executed an agreement with GennComm in 2016 regarding the ownership of the copyrights at issue (the "Agreement"), and was embroiled in California litigation with GennComm over the Agreement.  Ignoring the events taking place in California, it filed this lawsuit despite the fact that it had no standing at the inception.  It intentionally withheld and actively concealed its prior transfer of the copyrights, the Agreement, its state court and subsequent federal court litigations with GennComm, and all related relevant information, in direct violation of the Federal Rules.

1

As a result of the forgoing, and in the interest of justice, the Court "grant[ed] Defendants' motion for sanctions under Rule 37(c) in part, for Plaintiff's failure to fulfill its obligations under Rule 26(e) and supplement its inadequate discovery responses.  Plaintiff had an obligation to provide Defendants with the relevant documents and information they requested, but it intentionally omitted them from Plaintiff's discovery responses. Simply put, Plaintiff cannot unilaterally decide to withhold documents which, on their face, are clearly relevant and have some relationship to the intellectual property rights and products at the heart of this case." Dkt. 124 at 21.  As a result, the Court ordered Plaintiff "to pay for … Defendants' reasonable attorney's fees and costs that resulted from [Plaintiff's] failure to meet its discovery obligations." Dkt. 124.

In view of the Beverly Hills' improper conduct, the Court's decision was entirely warranted and appropriate.  Best Brands has spent hundreds of thousands of dollars defending a case that should never have been brought in the first place, including extensive fees directly resulting from Beverly Hills' discovery violations.  Justice and the law support an award of the attorneys' fees and costs paid by Best Brands, in situations like this one.

## ARGUMENT

**I.     BEVERLY HILLS IS RESPONSIBLE TO REIMBURSE DEFENDANTS' ATTORNEYS' FEES AND COSTS PURSUANT TO FED. R. CIV. P. 37(C)(1)(A)**

### A.     Authority for Award of Attorneys' Fees

Under Fed. R. Civ. P. 37(C)(1)(A), if a party fails to provide information as required by Rule 26(a) or (e), the court, shall consider the appropriate sanction on motion and after giving an opportunity to be heard.  In addition to any other sanction imposed, the court may order the party to pay the reasonable expenses, including attorney's fees, incurred because of noncompliance with Rule 26.

As such, the law allows an award of attorneys' fees and costs in situations like this one. *See,* Fed. R. Civ. P. 37(c)(1)(A) (providing for "payment of the reasonable expenses, including attorney's fees, caused by the failure [to provide information in discovery]." The Supreme Court has fully approved of the same, stating that "No doubt, if the court finds after a proper hearing that fraud has been practiced upon it, or that the very temple of justice has been defiled, the entire cost of the proceedings could justly be assessed against the guilty parties. Such is precisely a situation where 'for dominating reasons of justice' a court may assess counsel fees as part of the taxable costs." *Universal Oil Prods. Co. v. Root Ref. Co.*, 328 U.S. 575, 580, 66 S. Ct. 1176, 1179 (1946) (citation omitted). Likewise, in *Robbins & Myers, Inc. v J.M. Huber Corp.,* 274 FRD 63, 105 (W.D.N.Y. 2011), the Court awarded the Defendants reasonable expenses and attorney's fees, pursuant to Fed. R. Civ. P. 37(C)(1)(A), due to plaintiff's violations of Rule 26(e).

As detailed in the Court's Memorandum Opinion & Order (Dkt. 124), the conduct of Beverly Hills in this matter severely impeded the progress of the case and caused Best Brands to incur substantial fees and expenses. Plaintiffs' discovery violations and concealment of information caused the parties to undergo time-consuming, and expensive motion practice, including, briefing on motions for discovery sanctions, joinder, lack of standing and regarding GennComm as an indispensable party, as well as numerous letters and telephone conferences with the Court. As such, the Court ordered Plaintiff to reimburse Defendants for their attorney's fees and expenses incurred, in accordance with the Federal Rules.

  **B.**  **Amount of Expenses and Fees Owed**

As of January 29, 2021, the attorney's fees, costs, and disbursements for this lawsuit (from the date in July 2020 which Defendants learned of the existence of GennComm) have been

a total of $192,210.16 (after discounts) for fees and expenses (of which $1,378.91 was for costs). A copy of the invoices to Best Brands, itemizing those fees and expenses, is attached hereto as Exhibit 1; and a summary spreadsheet is annexed as Exhibit 2. All of those invoices have been paid by Best Brands, other than the invoice issued yesterday for work in the month of January. Declaration of Morris E. Cohen ("Cohen Declaration") at ¶ 3. The invoices in Exhibit 1 are contemporaneous time records documenting, for each attorney, the date, the hours expended, and the nature of the work done. *See e.g., New York State Assoc. for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

The invoices directly correspond to the Court's Order that "Defendants are [] entitled to reasonable attorney's fees and costs attributable to the additional work that resulted from their discovery of the GennComm relationship including (1) the work on this motion [for discovery sanctions], (2) the work on the briefing for the standing and joinder issue, and (3) follow up discovery necessary to remedy Plaintiff's failure to provide full and accurate responses to Defendants' original discovery requests." Dkt. 124 at 31. Accordingly, Best Brands has included herein only the time from Invoice 2202 starting at item 19, i.e., from the time in July when GennComm was discovered.

The entries for July through August included telephone conferences, court conferences, research, and work on letters leading up to and including Best Brands' Opening Brief in its Discovery Sanctions Motion, its Opposition Brief regarding Standing and Joinder, and handling a subpoena from GennComm. The entries in August through mid-September include time for sanctions research, court conferences, and briefing on GennComm as a necessary and indispensable party. The end of September through October includes time for work on Best Brands' Reply Brief in Support of its Motion for Sanctions. Time entered in November through

4

mid-December was for work in Answering Plaintiffs' Third Amended Complaint (occasioned by the addition of GennComm), planning upcoming supplemental discovery as per the Court's Order, and preparation of a joint letter outlining the proposed discovery schedule.  The end of December through January includes time for work on supplemental discovery requests, addressing issues over the settlement agreement and Consent Judgment entered into between Beverly Hills and GennComm, a letter to the Court to Amend the Answer to the Third Amended Complaint, and the summary and tabulation of attorneys' fees in attempt to come to an amicable agreement as to attorneys' fees with opposing counsel to attempt to avoid the need for the present briefing.  Thus, all the fees and expenses claimed herein are *directly* for "the additional work that resulted from their discovery of the GennComm relationship."  Dkt. 124 at 31.

Similarly, the expenses claimed herein are for court reporter costs for the transcripts of the various court conferences concerning GennComm which took place in the relevant timeframe of July 2020 through January 2021, and the cost associated with serving a subpoena.  Best Brands has excluded any expenses from the invoices that were not specifically tied to this time frame and, therefore, not included in the Court's Order on recovery of fees and expenses.

II.     **LEGAL STANDARD FOR PRESUMPTIVELY REASONABLE FEE**

   A.     **Determination of Reasonable Attorneys' Fees**

The Second Circuit has held that "Attorneys' fees are awarded by determining a presumptively reasonable fee reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. New York State Office of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011).  "In assessing the reasonableness of the hourly rates charged by [Defendants'] counsel, the court may consider the prevailing market rates 'for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *OZ Mgmt.*, 2010 U.S. Dist.

LEXIS 138873 at *6-7, quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998), quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). *See also, Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 191 (2d Cir. 2007), citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (emphasizing the importance of using the "market rate" in calculating attorney's fees). "Additionally, the Court may rely on its own knowledge of private firm hourly rates." *Id.,* quoting *Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987). In addition, "The Court may factor into its determination 'the difficulty of the questions involved[,] the skill required to handle the problem[,] the time and labor required[,] the lawyer's experience, ability and reputation[,] the customary fee charged by the Bar for similar services[,] and the amount involved.'" *Id.,* quoting *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1263 (2d Cir. 1987), quoting *In re Schaich,* 55 A.D.2d 914, 914, 391 N.Y.S.2d 135 (2d Dep't 1977).

As the Court previously held, Best Brands is "entitled to reasonable attorney's fees and costs attributable to the additional work that resulted from their discovery of the GennComm relationship including (1) the work on this motion, (2) the work on the briefing for the standing and joinder issue, and (3) follow up discovery necessary to remedy Plaintiff's failure to provide full and accurate responses to Defendants' original discovery requests." Dkt. 124 at 31. Best Brands requests reasonable attorneys' fees and costs for those matters based the factors above, and the evidence below and attached. *Infra,* Section II.B-C.

**B.     Reasonable Hourly Rates**

Best Brands seeks to recover the fees of its three attorneys, Morris E. Cohen ("Mr. Cohen"), Lee A. Goldberg ("Mr. Goldberg") and Limor Wigder ("Ms. Wigder").

As to the hourly rate, the firms' attorneys' fees were billed for the undersigned partner,

Morris E. Cohen at a rate of $650/hour; for partner Lee A. Goldberg a rate of $650/hour; and for a senior associate of the firm, Ms. Limor Wigder, at a rate of $450/hour. Cohen Declaration at ¶4.  Those attorneys then discounted their rates by 5% to the client, in exchange for prompt payment by the client within fourteen days, for an hourly rate of $617.50 for Mssrs. Cohen and Goldberg, and $427.50 for Ms. Wigder. *Id.* at ¶5.  The client has taken advantage of that five percent (5%) discount for the duration of this litigation. *Id.* at ¶6.

As to experience, Mr. Cohen is an attorney admitted before the Bar of this State and this Court, with over twenty-five (25) years of experience, having been admitted to the Bar of this State in August 1995. *Id.* at ¶7.  Mr. Goldberg is an attorney admitted before the Bar of this State and this Court, with approximately thirty (30) years of experience, having been admitted in February 1991. *Id.* at ¶8.  Ms. Wigder is an attorney admitted before the Bar of this State and this Court, with approximately eight and a half (8 ½) years of experience, having been admitted to the Bar of this State in July 2012. *Id.* at ¶9.

As to background, Messrs. Goldberg and Cohen, and Ms. Wigder, are all registered patent attorneys. *Id.* at ¶10.  The three of them are also intellectual property specialists, and intellectual property litigators, concentrating in patent, trademark, and copyright matters, and the like. *Id.* at ¶11.

Based on the undersigned's knowledge of the market, intellectual property specialists typically command higher rates than generalists such as litigators in general commercial litigation. *Id.* at ¶12.  Also based on the undersigned's knowledge of the market, it is respectfully submitted that the rates of attorneys Goldberg, Cohen, and Wigder, are reasonable hourly rates, or even low compared to other attorneys having comparable expertise and experience. *Id.* at ¶13.

In *Oz*, for example, this Court found in 2010 that $657 an hour for an intellectual property law partner in the New York market who had been practicing for over twenty years was reasonable. *Oz,* 2010 U.S. Dist. LEXIS 138873 at *8. Likewise, this Court found that $435 for a senior associate, and $425 and $395 for mid-level associates were likewise reasonable. *OZ Mgmt.,* 2010 U.S. Dist. LEXIS 138873 at *8-9. Here, the rates are in line with those approved in *Oz*, despite the fact that inflation over the ten years since the date of that decision would result in much higher rates than in *Oz*.

Similarly, in more recent years, Courts in this district have generally found hourly rates such as those herein (or even higher) to be appropriate for partners in copyright and intellectual property cases. *See e.g., Broad. Music, Inc. v. PAMDH Enters., Inc.*, No. 13-cv-2255 (KMW), 2014 U.S. Dist. LEXIS 84409, 2014 WL 2781846, at *6-7 (S.D.N.Y. June 19, 2014); *Sub-Zero, Inc. v. Sub Zero N.Y. Refrigeration & Appliances Servs., Inc.*, 13-cv-2548 (KMW), 2014 U.S. Dist. LEXIS 45625, 2014 WL 1303434, at *8-9 (S.D.N.Y. Apr. 1, 2014) (collecting cases and approving rates of $785 for a partner who specializes in copyright); *Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. Liab. Co.*, 665 F. Supp. 2d 434, 437 (S.D.N.Y. 2009) (finding partner's rate of $735 to be reasonable in copyright dispute); *GAKM Res. LLC v. Jaylyn Sales Inc.*, 08-cv-6030 (GEL) (THK), 2009 U.S. Dist. LEXIS 128595, 2009 WL 2150891, at *8 (S.D.N.Y. July 20, 2009) (approving $650 and $600 hourly rates for partners specializing in intellectual property litigation).

With respect to associates' rates, courts in the Southern District have repeatedly found the $427.50/hour rate herein to be in a reasonable range for rates in copyright cases. *See e.g., Genger v. Genger*, 2015 U.S. Dist. LEXIS 28813, 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015) ("New York district courts have . . . recently approved rates for law firm associates in the range

of $200 to $450 per hour."); *Dweck v. Amadi*, 10-cv-2577 (RMB) (HBP), 2012 U.S. Dist. LEXIS 102987, 2012 WL 3020029, at *4 & n.5 (S.D.N.Y. July 6, 2012) (collecting cases approving rates between $180 and $440 per hour for associates); *Union of Orthodox Jewish Congregations of Am.*, 665 F. Supp. 2d at 437 (approving associate hourly rate of $445); *Latin Am. Music Co. v Spanish Broadcasting Sys.*, 2020 U.S. Dist. LEXIS 96084, at *18-19 (S.D.N.Y. June 1, 2020) (approving associate hourly rate of up to $465 an hour).

Moreover, and importantly, the reasonableness of the rates herein is also supported by a recent ruling of a Magistrate Judge of this Court. The same client, Best Brands, and the same attorneys, pursued a motion for attorneys' fees in another recent matter involving intellectual property issues (a trademark license). In accordance with an indemnification clause that Best Brands had in a contract with the defendant, Magistrate Judge Stewart D. Aaron awarded legal fees associated with Best Brands' response to a subpoena. Upon consideration of the fee application, Magistrate Aaron issued a Report and Recommendation indicating that "The Court has reviewed the billing rates … and finds them to be reasonable." *See, Best Brands Consumer Products, Inc., v. Versace 19.69 Abbigliamento Sportivo S.R.L, et al*, Civil Action No. 1:17-cv-04593-VSB-SDA, Dkt. 122 at 18, n. 21. The rates charged in that matter were nearly the same as those here,[1] and were found reasonable by this Court.

In short, based on the years of experience, background, specialization, prior caselaw, a magistrate's related determination, the nature of the rates in the New York market, and the

---

[1] In that matter, which commenced in 2017, the bills were issued at counsels' older rates of $600/hour for Mssrs. Goldberg and Cohen, and $425/hour for Ms. Wigder, with billing then subject to a 5% discount for payments within 14 days. *Id.,* Dkt. 108-5. (As shown by the invoices in that matter (*id.*), counsel kept their hourly rates at the old levels for the duration of that case, even after counsel's new billing rates came into effect).

discount to the client, it is submitted that the hourly rates of the undersigned attorneys in this matter are reasonable.

### C. Reasonable Number of Hours Expended

The progress of this case has unfortunately been impeded by Plaintiff's actions, which required months of conferences and motion practice before this Court, all flowing from Plaintiff's discovery violations and the ramifications thereof. Considering Best Brands' need to thoroughly address those issues with this Court, and undersigned counsels' obligation to conscientiously represent Best Brands and fully present its defenses, it is respectfully submitted that the number of hours expended by counsel is reasonable. *See,* Exhibits 1 and 2.

"In the Second Circuit, any attorney who applies for court-ordered compensation for work done must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done." *Fernandez v N. Shore Orthopedic Surgery & Sports Medicine, P.C.*, 2000 U.S. Dist. LEXIS 5285, *1 (E.D.N.Y. Feb. 4, 2000). Here, that burden is more than satisfied by Defendants. Extensive documentation is attached, providing all of counsels' time sheets and expense records, which are thorough and detailed. Indeed, Best Brands' counsel has provided herewith invoices composed of very specific and detailed time records, even beyond that which is required. "In the context of an application for attorney fees, it is not required that counsel describe in great detail how billable time was spent. It is sufficient for counsel to identify the general subject matter of time expenditures." *Id* at *1.

Moreover, the Court should consider both the "contemporaneous time records . . . [that] specify, for each attorney, the date, hours expended, and nature of the work done," *New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983), and "its own

familiarity with the case . . . and its experience generally." *Clarke v. Frank,* 960 F.2d 1146, 1153 (2d Cir. 1992).  Here, the Court's experience with this case will show the complexity of the issues, and the necessity of the work conducted by Defendants.  As an initial matter, the fees being claimed herein fall within the categories of recovery approved by the Court.  As to the particulars, the work conducted by Defendants' counsel was preceded by pre-motion conferences with the Court in which the Court supervised and directed the parties.  After those conferences, Best Brands filed motions on issues authorized by the Court in the conferences as being appropriate to the issues in this matter.  Thus, it is seeking recovery for work on issues that was both authorized by the Court, and caused by Plaintiff's actions.  Likewise, as Best Brands' previously filed briefs and the court transcripts show, its counsel thoroughly prepared for, briefed, and addressed the issues that were before the Court, warranting recovery of the fees and expenses associated therewith.

Furthermore, unlike some law firms which bill in fifteen (15) minute increments, Goldberg Cohen LLP, in an effort to be fair to clients, uses a time keeping system which allows for time tracking by the minute, and bills in tenths of an hour (i.e. six minute increments), making billing more exact.  Cohen Declaration at ¶14.

Yet, furthermore, Plaintiff's counsel, Epstein Drangel LLP ("Epstein Drangel"), has consistently had at least as many, or more, attorneys staffing this matter than Best Brands.  In particular, Epstein Drangel has regularly had Jason M. Drangel (managing partner) and Kerry B. Brownlee (partner) working on this matter.  It has also utilized the time of Ashly Sands (partner) and Dwana Dixon (associate) to contribute to the legal efforts of Beverly Hills.

Last, but not least, Best Brands has paid all bills from the inception of this litigation, other than the bill issued just yesterday.  *Id.* at ¶15.  In view of the payment by the client, it is

respectfully submitted that the rates and hours of counsel are reasonable, and that the quality of work met the clients' satisfaction. *See e.g., Ebbert v Nassau County,* 2011 U.S. Dist. LEXIS 150080, at *43, n 3 (E.D.N.Y. Dec. 22, 2011) (regarding the reasonable hourly rate portion of the presumptively reasonable fee standard, the Second Circuit has suggested that the district court consider "what a reasonable, paying client would be willing to pay" when setting a reasonable hourly rate.) Under the caselaw, there is a strong presumption that the rates and fees that a client actually paid during the course of the litigation are reasonable. *See, Arbor Hill Concerned Citizens Neighborhood Assn. v County of Albany*, 522 F3d 182, 190 (2d Cir 2007) ("The reasonable hourly rate is the rate a paying client would be willing to pay"); *Wells Fargo Bank, NA v Konover,* 2014 US Dist. LEXIS 109720, at *13-17 (D. Conn. Aug. 8, 2014); *Telenor Mobile Communs. AS v. Storm LLC*, 2009 U.S. Dist. LEXIS 18890, at *5 (S.D.N.Y. Mar. 6, 2009).

     As the *Telenor* court in this district put it, "it must also be noted that Telenor, a highly sophisticated business entity, has without complaint paid the bills that Storm now contends are unreasonable … regardless of the precise legal effect of this factor, it is surely of some significance that Telenor has been willing to incur these fees … The contempt application, like every other aspect of this case, was vigorously contested by Storm and its affiliates, and Telenor's willingness to incur the costs must primarily have been based on what it believed was necessary and proper in an effort to prosecute its case." *Telenor*, 2009 U.S. Dist. LEXIS 18890 at *5-6. As *Diplomatic Man* similarly held, "the fact that Nike, a highly sophisticated business client, has paid these bills, presumably after careful review by its general counsel or other senior business executives, [serves] as prima facie evidence of the reasonableness of the amount as a

12

whole (beyond just the reasonableness of the hourly rates charged)." *Diplomatic Man, Inc. v. Nike, Inc.*, 2009 U.S. Dist. LEXIS 29343, at *17 (S.D.N.Y. Apr. 6, 2009).

Courts have discretion in determining the reasonableness of fees, based on the scope and complexity of a case. *See, N.Y. Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1146-47 (2d Cir. 1983). Based on the hourly rates for the market; the nature and complexity of the issues raised by Plaintiff's violations; the number of hours of work needed for research and preparation of Defendants' rights, research and preparation of letter submissions to the court, participation in court conferences, and research and preparation of vigorously contested motions and responses, as shown by the timesheets; the fact that the time billed was in furtherance of a prudent case management plan overseen and set by the Court; and the fact that the client found the bills reasonable and paid all the attached fees and expenses (other than those for January 2021 which were billed yesterday); it is respectfully submitted that Best Brands' attorneys' fees and expenses are reasonable and should be recovered.

## CONCLUSION

Beverly Hills in this action knowingly withheld relevant facts, and abused the discovery process. That resulted in a considerable expenditure of time and resources by this Court and Best Brands to redress those violations. The full extent of the issues is not even known yet, which necessitated this Court's order for supplemental discovery over approximately the next three months. In view of the reasonableness of counsel's rates in the context of the New York market, the importance of the issues to Best Brands, its need to mount a vigorous and thorough defense, and the Court's close supervision of this case and use of pre-motion conferences to manage the docket in this case and avoid any unnecessary work, it is submitted that Best Brands' fees and expenses herein are reasonable.

Accordingly, for all the foregoing reasons set forth above, it is respectfully requested that the Court order Beverly Hills to pay Best Brands' attorneys' fees and costs incurred as a result of Plaintiff's actions in the amount of $192,210.16 in fees and expenses. Defendants have been forced to incur attorneys' fees and expenses directly as a result of Plaintiff's improper actions, and, therefore, it is respectfully submitted that Plaintiff should rightfully be responsible to reimburse Defendants for the same.

Dated: February 5, 2021                     Respectfully submitted,

*/s/ Morris E. Cohen*

Morris E. Cohen
Lee A. Goldberg
Limor Wigder
GOLDBERG COHEN LLP
1350 Avenue of the Americas, 3rd Floor
New York, New York 10019
(646) 380-2087 (phone – main)
(646) 380-2084 (phone – direct)
(646) 514-2123 (fax)
LGoldberg@GoldbergCohen.com
MCohen@GoldbergCohen.com
LWigder@GoldbergCohen.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2021, a true and correct copy of the foregoing was served on counsel of record via the Court's ECF system.

Dated: February 5, 2021         */s/ Morris E. Cohen*

                                 Morris E. Cohen