```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BEVERLY HILLS TEDDY BEAR COMPANY,            :
                                             :
                           Plaintiff,        :
                                             :             1:19-cv-3766-GHW
              -against-                      :
                                             :                  ORDER
BEST BRANDS CONSUMER PRODUCTS, INC,          :
BEST BRANDS SALES COMPANY, LLC, and          :
GENNCOMM, LLC,                               :
                                             :
                           Defendants.       :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/2/2021

GREGORY H. WOODS, United States District Judge:

On February 26, 2021, the parties jointly submitted a stipulation and proposed order, displacing Defendants' prior request to amend their answer to add a counterclaim against GennComm. Dkt. No. 167. The proposed order states that defendant GennComm will not be added as a party at this time—despite the fact that GennComm was joined to this action because the Court previously determined it was a necessary party under Fed. R. Civ. P. 19. However, there are still crucial issues in this case involving GennComm's role in this action, and the parties have not established that there is a legal basis for the Court to endorse their stipulation and proposed order. Therefore, although the Court takes no position the parties' private agreement, the Court declines to enter the parties' proposed order.

"A court must scrutinize a proposed settlement before giving it a judicial imprimatur." *United States v. International Brotherhood of Teamsters*, 970 F.2d 1132, 1137 (2d Cir. 1992); *cf. United States v. New York City Hous. Auth.*, 347 F. Supp. 3d 182, 206 (S.D.N.Y. 2018) ("a federal court is more than a recorder of contracts from whom parties can purchase injunctions; it is an organ of government constituted to make judicial decisions." (citing *Local No. 93 Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)). "The district court must ensure that the agreement 'does not put the court's sanction on and power behind a decree that violates Constitution, statute, or

jurisprudence.'" *Teamsters*, 970 F.2d at 1137 (citation omitted)). Indeed, the Second Circuit has "often compared stipulated settlements to contracts, and . . . consistently applied the law of contract to disputes concerning the construction and enforcement of settlements . . . However, when a district court 'so orders' a stipulated settlement, it [accepts] some obligations [including] the duty to enforce the stipulation that it has approved." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 737 (2d Cir. 2000). "In many cases, a stipulated settlement will contemplate actions that are not within the power of the litigants to perform, but rather lie within the power of the district court ordering the settlement. When a district court 'so orders' a settlement containing such provisions, it is, with some limited exceptions, obliged to perform." *Id.*; *see also Sanchez v. Maher,* 560 F.2d 1105, 1108 (2d Cir. 1977) ("[t]he district court has not only the power, but the duty to enforce the stipulation which it had approved) (citation omitted).

The Court declines to endorse the parties' stipulation and proposed order. The Court does not have a basis upon which to conclude that the terms of the parties' private agreement are appropriate, and the Court is unwilling to convert a private agreement into a Court order without a solid legal framework to do so.

On October 21, 2021, the Court determined that GennComm was a necessary party to this litigation, but reserved judgment as to whether joinder was infeasible and GennComm is an indispensable party. Dkt. No. 112. That decision arose from one of the core issues in this case, which is the Best Brands defendants' argument that Plaintiff did not have standing when it commenced this suit. That question has not been resolved, and yet the stipulation provides that GennComm will not be added as a party to this action at this time. Dkt. No. 167. Instead, the parties have stipulated that, in the event that the Court determines that GennComm owns the copyrights at issue, Plaintiff and GennComm reserve the right to add GennComm to this action, or alternatively, for GennComm to assign its rights to Beverly Hills, including the right to enforce its rights against Best Brands. *Id.* But as previously discussed on many occasions, the Court is required

to evaluate standing as of "the date on which the suit commenced." *In re Adelphia Communications Corp. Securities and Derivative Litigation*, No. 03–MDL–1529 (LMM), 2011 WL 6434009, at *5 (S.D.N.Y. Dec. 21, 2011) (quoting *Mayer v. Wing*, 922 F. Supp. 902, 906 (S.D.N.Y. 1996)). It is unclear why GennComm should be dismissed when the Court has not yet resolved the standing and ownership questions that brought GennComm into this action in the first place.

Furthermore, the Best Brands defendants have alleged that Plaintiff and GennComm engaged in fraud and collusion to obtain a consent decree judgment in California. *See* Dkt. No. 167. The parties are still engaged in supplemental discovery related to those allegations, and it has not yet been briefed to the Court. Despite GennComm's apparent willingness to have Plaintiff serve as the sole representative of its interests in this action, it is unclear on what basis the Court can decide whether GennComm has engaged in such a scheme without GennComm's presence, or what the effect of that decision would be on the parties and the California judgment.

Accordingly, the Court declines to endorse the parties' proposed order. The Court takes no position regarding the terms of the parties' agreement but it will not "so order" it, as the parties have requested. The parties are directed to submit a joint letter by no later than April 9, 2021 describing the parties' proposal for next steps.

SO ORDERED.

Dated: April 2, 2021  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge