USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                          :

BEVERLY HILLS TEDDY BEAR COMPANY,    :
                                            :

                       Plaintiff,   :          1:19-cv-3766-GHW
                                            :

              -against-       :          MEMORANDUM
                                            :          OPINION AND ORDER

BEST BRANDS CONSUMER PRODUCTS, INC,  :
BEST BRANDS SALES COMPANY, LLC, and   :
GENNCOMM, LLC,                          :
                                            :

                   Defendants.  :
                                            :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

      Plaintiff Beverly Hills Teddy Bear Company ("Beverly Hills") sued Defendants Best Brands

Consumer Products, Inc. and Best Brands Sales Company, LLC (together, "Best Brands") for

infringing on its copyrights in the popular Squeezamals line of foam plush toys. After discovery,

Best Brands learned that Beverly Hills may have assigned those copyrights to GennComm, LLC

("GennComm") before filing the suit. That potential assignment called into question Beverly Hills'

standing to bring the suit. As a result, the Court decided that GennComm was a necessary party.

Beverly Hills amended its complaint to join GennComm as a defendant. Beverly Hills and

GennComm subsequently entered into a settlement agreement and obtained a consent judgment

from a California state court, which in effect held that Beverly Hills had never assigned its

Squeezamals copyrights to GennComm.

      Best Brands has moved for leave to add a counterclaim against Beverly Hills and a

crossclaim against GennComm.[1] Both claims seek declaratory judgment that Beverly Hills and GennComm's settlement agreement and consent judgment cannot be applied retroactively to accord Beverly Hills standing in this action. The Court, however, lacks personal jurisdiction over GennComm for the proposed crossclaim. The Court would, in its discretion, decline to exercise jurisdiction over the proposed counterclaim for declaratory judgment against Beverly Hills because it is duplicative of claims and defenses already asserted in this case. Because the Court would ultimately dismiss both of the proposed claims if they were added to Best Brands' answer, the claims contained in Best Brands' proposed supplemental answer are futile. Therefore, Best Brands' motion to supplement its answer is DENIED.

## II. BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history in this matter. Nonetheless, the Court recapitulates the aspects of the case relevant to this motion.

This case involves a copyright infringement claim regarding the popular Squeezamals toys. Beverly Hills' remaining claims are one cause of action against Best Brands under the Copyright Act, 17 U.S.C. § 501(a), and one request for declaratory judgment against GennComm regarding ownership of the copyrights-in-suit. *See* Dkt. No. 117 at 17–18. Beverly Hills has alleged that Best Brands has infringed on its copyrights in the Squeezamals toys. *Id.* ¶ 41. Beverly Hills has alleged that it owns "both registered and unregistered copyrights in and related to the Squeezamals

---

[1] As discussed below, the Court treats Best Brands' motion as a request to supplement under Rule 15(d), even though Best Brands moved for leave to amend its answer under Rule 15(a). Rule 15(d) provides the mechanism for a party to add "any transaction, occurrence, or event that happened after the date of [a prior] pleading." Fed. R. Civ. P. 15(d). The claims Best Brands seeks to add are based on fraud and collusion allegedly perpetrated by counsel for Beverly Hills and GennComm in connection with those parties' 2020 settlement agreement and consent judgment. That conduct allegedly occurred after Best Brands filed its most recent amended answer on December 1, 2020. *See* Best Brands' Proposed Suppl. Answer at ¶ 47 ("it was impossible for Best Brands to file a counterclaim or crossclaim on December 1st to address Beverly Hills' and GennComm's [alleged] fraud and collusion, since it had not yet arisen"). The conduct therefore may be pleaded only under Rule 15(d). However, Rule 15(d) motions are evaluated under the same standard used to evaluate Rule 15(a) motions. *Bemben v. Fuji Photo Film U.S.A., Inc.*, No. 01 Civ. 8616 (KMW) (DF), 2003 WL 2146709, at *1 (S.D.N.Y. May 19, 2003). Thus, the distinction does not affect the Court's ruling on this motion.

Products" (*id.* ¶ 19) and that it is the "exclusive owner of the Squeezamals Works" (*id.* ¶ 72). Best Brands has raised defenses on the issues of, *inter alia*, standing, copyright validity, and copyright ownership. *See* Dkt. No. 121 at 9.

On January 6, 2020, the Court issued a scheduling order which established a February 29, 2020 deadline for the completion of all fact discovery. Dkt. No. 38. On July 14, 2020, after the close of discovery, GennComm contacted Best Brands and informed it that GennComm had been party to a non-exclusive license agreement with Beverly Hills since June 16, 2017 (the "Agreement"), and that the Agreement covered the products at issue in this case. *See* Dkt. No. 90 at 2; Dkt. No. 90 Ex. 1 at 1; Dkt. No. 85 at 4:24–5:23, 7:15–8:13. In addition, Best Brands learned that Beverly Hills and GennComm were then litigating two cases in California courts that directly involved the Agreement and the Squeezamals products. Dkt. No. 90 at 2, 10, 12–13. Specifically, GennComm sued Beverly Hills in California state court to enforce its rights under the Agreement, and Beverly Hills sued GennComm in federal court in the Central District of California, seeking a declaratory judgment of invalidity and unenforceability with respect to two of GennComm's patents. *See id.* Exs. 11–15.

After reviewing briefing from Best Brands and Beverly Hills, the Court determined that it could not decide the parties' rights under the license agreement without affording GennComm, a party to the agreement, an opportunity to present its position. *See* Dkt. No. 112. The Court ordered that GennComm be joined to this action as a necessary party but deferred its decision as to whether joinder was feasible and whether GennComm was an indispensable party. Dkt. Nos. 112, 115–16. On November 10, 2020, Beverly Hills amended its complaint and added GennComm as a defendant. Dkt. No. 117.

On December 21, 2020, the Court was informed that Beverly Hills and GennComm had entered into a settlement agreement, resolving their claims in California. Dkt. Nos. 126–27. The

agreement was endorsed by the California state court as a stipulated judgment. On December 22, 2020, Beverly Hills and GennComm asked the Court to enter a consent judgment based on their settlement agreement. Dkt. No. 130. The proposed consent judgment provided that those parties stipulated to certain facts, including that "the License Agreement be deemed void ab initio," that Beverly Hills "has and at all times has had full ownership of all trademarks and copyrights relating to the Squeezamals Products including the Squeezamals Works" and that GennComm "assigned nunc pro tunc to [Beverly Hills] any and all rights that GennComm ever had (if any) relating to any trademarks and copyrights used by [Beverly Hills] relating to Squeezamals Products, including but not limited to the right to sue for copyright and trademark infringement (including past damages), including the right to institute this action." *Id.* Based on those stipulated facts, Beverly Hills and GennComm requested that the Court order, judge, and decree "that GennComm has no rights in and to Plaintiff's Squeezamals Works or this action" and be dismissed from this action. *Id.* at 5. The Court declined to endorse the proposed consent judgment because the Court did not have any factual or legal support upon which to conclude that the terms of the parties' stipulation were appropriate, and the facts included therein were disputed by Best Brands, who was not a party to the settlement agreement. The Court took no position regarding the terms of the parties' private agreement. *See* Dkt. No. 141.

On May 10, 2021, Best Brands moved to amend its answer to add one claim for declaratory relief against Beverly Hills and another against GennComm. *See* Dkt. No. 186, Mot. to Amend. Best Brands attached as an exhibit to its motion a proposed answer that includes 101 paragraphs of new allegations. *See* Dkt. No. 186 Ex. 1 ("Best Brands' Proposed Answer") at 12–28, ¶¶ 10–101. The proposed answer also includes four additional prayers for relief. *See* Best Brands' Proposed Answer at 27–28, ¶¶ B, I, J & L. In substance, the proposed answer would ask the Court to find that Beverly Hills, GennComm, and their respective counsel (1) colluded to settle the dispute over the

validity of their license agreement in a way that would give Beverly Hills standing in this action; and (2) defrauded a state court in California into entering a consent judgment declaring the license agreement between Beverly Hills and GennComm void *ab initio*. *See id.* at 24–25, ¶¶ 85–86. Based on these findings, the proposed answer would ask the Court to dismiss this action for lack of standing, *id.* at 27, ¶ B, or to declare "that the 2020 Settlement Agreement and California Consent Judgment are unenforceable against Best Brands in the current proceedings, and cannot be used to the detriment of Best Brands' defenses," *id.* at 28, ¶ J.

The proposed answer would also ask the Court to "enter judgment that GennComm and Beverly Hills and their respective counsel have engaged in deceit and collusion, for which they forfeit to Best Brands treble damages." *Id.* at 28, ¶ L. That prayer for relief stems from allegations listed under both the proposed counterclaim and proposed crossclaim that "the deceit and collusion by GennComm's counsel and Beverly Hills' counsel . . . is sanctionable under New York Judiciary Law § 487, and subject to damages set forth therein." *Id.* at 23, ¶ 75; *see also id.* at 26, ¶ 99.

On June 1, Beverly Hills and GennComm separately opposed Best Brands' motion. *See* Dkt. Nos. 198, 200. On June 8, Best Brands replied to each of the opposition briefs. *See* Dkt. Nos. 200–01.

## III.    LEGAL STANDARD

Under Rule 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But "leave to amend may properly be denied if the amendment would be futile." *F5 Cap. v. Pappas*, 856 F.3d 61, 89 (2d Cir. 2017) (quoting *Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014)). "A proposed amendment to a complaint is futile when it could not withstand a motion to dismiss." *Id.* (quoting *Balintulo v. Ford Motor Co.*, 795 F.3d 160, 164–165 (2d Cir. 2015)).

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental

pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) motions are evaluated by the Court under the same standards used to evaluate motions to amend pleadings under paragraph (a) of the same rule." *Bemben*, 2003 WL 2146709, at *1; *Milligan v. Citibank, N.A.*, No. 00 CIV. 2793 (AGS), 2001 WL 1135943, at *9 (S.D.N.Y. Sept. 26, 2001) ("Rule 15(d) motions are evaluated under the same standards as Rule 15(a) motions."). Accordingly, "[d]istrict courts in this circuit have construed motions made under Rule 15(a), but which should have been made under Rule 15(d) (or vice versa), as if they had been brought under the correct rule." *Wertzberger v. Shapiro, DiCaro & Barak LLC*, 19-CV-4272 (MKB), 2021 WL 327619 (E.D.N.Y. Feb. 1, 2021) (collecting cases); *cf.* Wright & Miller § 1510 ("the court should . . . determine the merits of the [Rule 15(d)] application as if it had been properly made under Rule 15(a) or Rule 15(b) in the first instance").

## IV.   DISCUSSION

Both of the claims Best Brands seeks to add to its answer are futile. Best Brands' proposed crossclaim against GennComm is futile because it could not withstand a motion to dismiss for lack of personal jurisdiction. Best Brands' proposed counterclaim against Beverly Hills is futile because it seeks declaratory judgment that is wholly duplicative of the claims and defenses that the parties have already asserted, and the Court would therefore exercise its discretion under the Declaratory Judgment Act to dismiss the claim. Because those two futile claims encompass all of the substantial changes in Best Brands' proposed supplemental answer, the motion to supplement the answer is

denied.[2]

## A. Proposed Crossclaim Against GennComm

Best Brands' proposed answer would fail to establish that the Court has personal jurisdiction over GennComm to hear Best Brands' proposed crossclaim. The answer alleges that the Court has personal jurisdiction over GennComm "because GennComm has waived personal jurisdiction in this action." Best Brands' Proposed Answer at 13, ¶ 8. However, neither the proposed answer nor anything in the record establishes that GennComm has waived or forfeited its right to contest personal jurisdiction in this case.[3] Because Best Brands' answer would not establish the Court's personal jurisdiction over GennComm for the proposed crossclaim, that crossclaim is futile.

A district court may deny a party's motion to supplement when the proposed pleading would add a claim against a party over which the court lacks personal jurisdiction. *See, e.g., Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010) (district court did not abuse its discretion when it found

---

[2] The Court also reads the proposed supplemental answer to include separate claims for damages under N.Y. Judiciary Law § 487 against Beverly Hills, GennComm, and their respective attorneys. *See* Best Brands' Proposed Answer at 23, ¶ 75, 26, ¶ 99. Although the only references to § 487 appear under the proposed claims for declaratory relief, the proposed answer seeks an award of "treble damages," suggesting that Best Brands intended to propose a substantive claim under § 487 rather than to seek declaratory judgment that § 487 had been violated. *See id.* at 28, ¶ L. Whatever Best Brands' intentions, the proposed claim is futile. First, N.Y. Judiciary Law § 487 only authorizes civil actions against attorneys, not their clients. *See Vayani v. 146 W. 29th St. Owners Corp.*, No. 16-CV-1774 (JGK), 2017 WL 3476046, at *8 n. 11 (S.D.N.Y. Aug. 11, 2017), *aff'd*, 726 F. App'x 71 (2d Cir. 2018) (dismissing claims against clients because § 487 "only applies to attorneys or counselors"); *Polanco v. NCO Portfolio Management, Inc.*, 23 F. Supp. 3d 363, 376–77 (S.D.N.Y. 2014) (dismissing claim against client on theory of derivative liability but acknowledging disagreement in the law); *Yalkowsky v. Century Apartments Assocs.*, 626 N.Y.S.2d 181, 182 (1st Dep't 1995) ("§ 487 . . . is only applicable to attorneys and cannot extend derivative liability to a client"). None of the attorneys alluded to in Best Brands' allegations is a party to this action, nor has Best Brands proposed that any of the attorneys be joined. Second, the proposed answer makes no attempt to establish the Court's personal jurisdiction over the attorneys it accuses of violating § 487. Third, the proposed answer makes no attempt to establish the Court's subject matter jurisdiction over the proposed § 487 claims. Fourth, to the extent that the proposed § 487 claims rest on conduct undertaken in connection with the California state court case between Beverly Hills and GennComm, it fails to state a claim under § 487, which does not apply to conduct outside New York. *See Schertenleib v. Traum*, 589 F.2d 1156, 1166 (2d Cir. 1978). For all of those reasons, the proposed § 487 claims would not survive a motion to dismiss and are therefore futile.

[3] The proposed answer also alleges that the Court has personal jurisdiction over GennComm because it has "availed itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over GennComm does not offend traditional notions of fair play and due process, and/or GennComm should reasonably expect its actions to have consequences in New York and in this judicial district." Best Brands' Proposed Answer at 14, ¶ 8. Because this allegation merely recites the relevant legal standards, it does not contribute to the allegation of facts necessary to make a *prima facie* showing of personal jurisdiction. *See S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010) (*prima facie* showing must be made through "an averment of facts").

that because "Plaintiffs had failed to demonstrate personal jurisdiction . . . allowing such an amendment would be futile"); *Simmons v. Nat'l R.R. Passenger Corp.*, No. 19 CIV. 6986 (LGS), 2020 WL 2904847, at *5 (S.D.N.Y. June 3, 2020) (finding that an amendment would be futile because it would not establish personal jurisdiction over the defendant). "A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) (citation omitted). That burden is modest: to survive a motion to dismiss, "plaintiffs need only make a prima facie showing of personal jurisdiction." *S. New England Tel. Co.*, 624 F.3d at 138 (citation omitted). "This showing may be made through the plaintiff's 'own affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant.'" *Id.* (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001)).

Best Brands attempts to make such a showing by arguing that GennComm has waived or forfeited any objection to personal jurisdiction by participating in this litigation without making a motion to dismiss under Rule 12(b)(2) or raising personal jurisdiction in an answer to Beverly Hills' complaint. That showing is insufficient.

> "[I]n determining whether waiver or forfeiture of objections to personal jurisdiction has occurred, 'we consider all of the relevant circumstances.'" *Mattel, Inc. v. Barbie–Club.com,* 310 F.3d 293, 307 (2d Cir.2002) (quoting *Hamilton v. Atlas Turner, Inc.,* 197 F.3d 58, 61 (2d Cir.1999), *cert. denied,* 530 U.S. 1244 (2000)). It is well established that a party forfeits its defense of lack of personal jurisdiction by failing timely to raise the defense in its initial responsive pleading. *See* Fed. R. Civ. P. 12(h). But there are "various [additional] reasons a defendant may be estopped from raising the issue." *Ins. Corp. of Ireland,* 456 U.S. at 704. A court will obtain, through implied consent, personal jurisdiction over a defendant if "[t]he actions of the defendant [during the litigation] . . . amount to a legal submission to the jurisdiction of the court, whether voluntary or not." *Id.* at 704–05.

*City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 133–34 (2d Cir. 2011) (alterations in original).

A party's actions during litigation, if sufficiently pervasive, may cause a party to forfeit its

personal jurisdiction defense even if it raises the defense in a timely manner.  *See Hamilton*, 197 F.3d at 61–63 (defense forfeited after party raised defense in answer but did not move to dismiss until the eve of trial, four years later); *Mattel, Inc. v. Animefun Store*, 18 Civ. 8824 (LAP), 2020 WL 2097624, at *4 (S.D.N.Y. May 1, 2020) (defense forfeited after party raised defense in answer but did not move to dismiss for seven months, following extensive discovery in which it filed a motion to compel).  "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Corporacion Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploracion y Produccion*, 832 F.3d 92, 102 (2d Cir. 2016) (citation omitted).

### 1.  Waiver of GennCom's Personal Jurisdiction Defense

Best Brands argues in its brief in support of this motion that GennComm has waived its personal jurisdiction defense because it did not raise the defense before the deadline for filing an answer under Rule 12(a)(1)(A)(i).  *See* Dkt. No. 201, Best Brands' Br. in Supp. of Mot. ("Best Brands' Brief") at 1.  However, as one treatise aptly explains, "[Rule 12(a)] only deals with the time at which the pleading must be served and is silent on the question of waiver.  [Rule 12(h)] does not call for the assertion of the defense within the time provided in Rule 12(a) for serving a responsive pleading; it merely dictates waiver if the defense is not made by motion or included in the responsive pleading, presumably whenever it may happen to be served."  Wright & Miller § 1391 (3d ed.).  Applying the 21-day deadline in Rule 12(a) to a motion to dismiss under Rule 12(b) would requiring adopting "an overly strict interpretation of the language of Rule 12(a) and Rule 12(h)(1)." *Luv N' Care, Ltd. v. Babelito, S.A.*, 306 F. Supp. 2d 468, 472 (S.D.N.Y. 2004) (quoting Wright & Miller § 1391 (3d ed.)) (finding that a motion under Rule 12(b)(2) after the deadline to file an answer need only be made in a generally timely manner); *see also Hedeen Intern., LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir.

2016) (citing Wright & Miller § 1391 (3d ed.)); *Chang Young Bak v. Metro-N. R. Co.*, 12 CV 3220, 2013 WL 1248581, at *2 (S.D.N.Y. Mar. 26, 2013) ("[c]ourts have . . . been willing to proceed to the merits of a motion to dismiss for lack of personal jurisdiction even when it is arguably untimely"). Because GennComm has not yet filed an answer, it has not waived its personal jurisdiction defense.

Best Brands argues that GennComm waived its personal jurisdiction defense by filing a brief in opposition to Best Brands' motion to compel discovery without repeating its objections to personal jurisdiction. *See* Best Brands' Brief at 2; *see also* Dkt. No. 192 at 1, GennComm's Br. in Opp'n to Best Brands' Mot. to Compel (arguing that contesting personal jurisdiction was unnecessary because Best Brands filed its motion to compel in the wrong court). But the consolidation requirement established by Rule 12(g)(2) and Rule 12(h)(1)(A) has no bearing on which defenses parties must raise in briefings on other parties' motions. Nor does failing to object to personal jurisdiction in every briefing burden the court or suggest that a party intends to defend a suit on the merits. GennComm therefore did not waive or forfeit its personal jurisdiction defense when it chose not to oppose Best Brands' motion to compel on personal jurisdiction grounds.

### 2. Forfeiture of GennComm's Personal Jurisdiction Defense

Best Brands alleges in its proposed answer that GennComm has forfeited its personal jurisdiction defense by generally participating in this action. *See* Best Brands' Proposed Answer at 13–14, ¶ 8; *see also* Best Brands' Brief at 2. However, while GennComm has joined conferences in this case and filed briefs on other parties' motions, it has not taken an active role: it has not filed any motions, asserted any claims, sought any discovery, or otherwise given any indication that it intends to "defend the suit on the merits." *See Pemex-Exploracion y Produccion*, 832 F.3d at 101–02 (finding such an indication when a defendant "affirmatively and successfully sought relief" from the court in the form of "additional proceedings addressed to the merits"). To the contrary, GennComm has maintained that it is not subject to the jurisdiction of this Court. *See* Dkt. No. 188, Tr. of April 8,

2021, Conference at 21:4–13; Dkt. No. 199, Letter from Counsel for GennComm (proposing to file a motion to dismiss for lack of jurisdiction).

GennComm and Beverly Hills' application to the Court for a consent judgment dismissing Beverly Hills' claim against GennComm conditioned GennComm's consent to personal jurisdiction on the Court's approval of the judgment. *See* Dkt. No. 130, ¶ 1. Far from forfeiting any jurisdictional defense, this application made clear that GennComm would not consent to defend the suit on the merits and that it would submit to personal jurisdiction only if it were permitted to settle the suit. *Id.* Because the Court declined to enter the requested consent judgment, *see* Dkt. No. 141, GennComm did not consent to personal jurisdiction.

In sum, GennComm has neither waived by delay nor forfeited by litigation its right to contest personal jurisdiction in this matter. Nor has Best Brands attempted to establish any other basis for personal jurisdiction over GennComm in connection with its proposed crossclaim. The proposed crossclaim therefore would not survive a motion to dismiss under Rule 12(b)(2) and is thus futile.

**B. Proposed Counterclaim Against Beverly Hills**

Best Brands' proposed counterclaim against Beverly Hills asks the Court to grant declaratory judgment on issues that the Court will inevitably address in the context of Beverly Hills' copyright infringement claim. The issues all relate to whether Beverly Hills had standing to bring this suit, a question which Best Brands has already raised as an affirmative defense. Because the Court would exercise its discretion under the Declaratory Judgment Act to dismiss a claim for redundant relief, Beverly Hills' proposed crossclaim is futile.

"In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28

U.S.C. § 2201(a). "The Declaratory Judgment Act by its express terms vests a district court with discretion to determine whether it will exert jurisdiction over a proposed declaratory action or not." *Dow Jones & Co., Inc. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003). A court may exercise its discretion in various procedural contexts, including when it considers a motion to dismiss. *See id.* at 359–360 (district court did not abuse its discretion in dismissing a claim for declaratory judgment in response to a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(2)). It follows, therefore, that a court may deny as futile a party's motion to amend when the amendment asserts a claim for declaratory judgment over which the court would decline to exercise jurisdiction. *Cf., e.g., S. Bos. Mgmt. Corp. v. BP Prod. N. Am. Inc.*, No. 03 CIV 6845 (RBM) (RLE), 2004 WL 2624891, at *2 (S.D.N.Y. Nov. 18, 2004) (assessing the utility of declaratory judgment sought in a motion to amend).

> [T]o guide the exercise of discretion in Declaratory Judgment Act cases . . . [the Second Circuit has] articulated a simple test that asks (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty. *See Broadview Chemical Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969). Other circuits have built upon this test, to ask also: ([3]) whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata'; ([4]) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and ([5]) whether there is a better or more effective remedy.

*Dow Jones*, 346 F.3d at 359–360 (citations omitted).

Courts may entertain declaratory judgment counterclaims in suits for intellectual property infringement where the counterclaims seek a declaration of invalidity. *See, e.g., King-Devick Tes Inc. v. NYU Langone Hosps.*, No. 17-CV-9307 (JPO), 2019 WL 78986, at *3 (S.D.N.Y. Jan. 2, 2019) (denying a motion to dismiss a counterclaim seeking declaratory judgment of copyright invalidity); *see also Altvater v. Freeman*, 319 U.S. 359, 363 (1943) ("the issue of validity may be raised by a counterclaim in an infringement suit"); *Leach v. Ross Heater & Mfg. Co.*, 104 F.2d 88, 89–92 (2d Cir. 1939) (counterclaim for declaratory judgment of invalidity is useful because "the patentee may, for all that the defendant knows, withdraw his suit without prejudice and continue broadcasting assertions of

infringement"); Wright & Miller § 2761 (3d ed.). But "[w]hen a counterclaim is merely the 'mirror image' of an opposing party's claim and the counterclaim serves no independent purpose, the counterclaim may be dismissed. In determining whether a counterclaim is merely a mirror image of a claim, the court must consider whether a case or controversy would still exist in connection with the counterclaim if the court entered a judgment dismissing the opponent's claim." *Worldwide Home Products, Inc. v. Bed Bath and Beyond, Inc.*, No. 11 CIV. 03633 LTS, 2013 WL 247839, at *2 (S.D.N.Y. Jan. 22, 2013) (citing *Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822, 2008 WL 4974823, at *3 (S.D.N.Y. Nov. 24, 2008)); *see also Larson v. Gen. Motors Corp.*, 134 F.2d 450, 453 (2d Cir. 1943) (dismissing a claim for declaratory relief as failing to raise an independent case or controversy following dismissal of the substantive claim to which it was opposed); *Maverick Recording Co. v. Chowdhury*, Nos. CV-07cv200 (DGT), CV-07-640 (DGT), 2008 WL 3884350, at *2 (E.D.N.Y. Aug. 19, 2008) ("a counterclaim seeking a declaration of non-infringement will be viable only when it presents an independent case or controversy that would survive a dismissal of the plaintiff's infringement claim").

Three of the five factors listed by the Second Circuit in *Dow Jones* weigh decisively against the Court entertaining Best Brands' claim for declaratory relief. First, the proposed declaratory judgment would serve no "useful purpose in clarifying and settling the legal relations at issue." *Dow Jones*, 346 F.3d at 359. Although resolving the question of Beverly Hills' standing at filing would bring much-needed clarity to this case, couching that question as a claim for declaratory judgment does nothing to speed its resolution. Because Best Brands has already asserted standing as an affirmative defense, *see* Dkt. No. 121 at 9, the Court anticipates that the issue presented in the proposed counterclaim will be thoroughly considered in this case. Nor is this a case where the defendant would be prejudiced if the case were resolved without answering the question on which it seeks declaratory judgment: if the case were to be dismissed or settled before the Court resolves the

standing issue, Best Brands' claim for declaratory relief would become moot. Best Brands' counterclaim is therefore a wholly redundant "mirror claim." *See Worldwide Home Products, Inc.*, 2013 WL 247839, at *2.

Second, the proposed declaratory judgment would do nothing to remedy the "uncertainty, insecurity, and controversy giving rise to the proceeding." *Dow Jones*, 346 F.3d at 359. Declaring that Beverly Hills lacked standing to bring this suit would terminate the suit without resolving the controversy that gave rise to it—i.e., Beverly Hills' claim that Best Brands infringed on its copyrights. The parties' legal relations would be no clearer than they were before the suit began.

Third, Best Brands has access to "a better or more effective remedy," *id.* at 360, in the procedure for asserting affirmative defenses set out in the Federal Rules, *see* Fed. R. Civ. P. 12(b). Of course, "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. But where, as here, an ordinary procedural mechanism is available, the Court is not obliged to grant the party's request to cobble together an alternative mechanism. Indeed, Best Brands has already availed itself of the ordinary procedural mechanism by asserting affirmative defenses of standing and non-ownership. *See* Dkt. No. 121 at 9 ("Plaintiff's claims are barred by lack of standing" and "Plaintiff's claims are barred as Plaintiff is not the owner of the Copyright Registrations that it has asserted"). Recasting those affirmative defenses as claims for declaratory judgment does not strengthen the defenses and only unnecessarily complicates the pleadings.

Best Brands argues that its proposed counterclaim "cannot be duplicative of prior defenses" because it is based on conduct that occurred after Best Brands' most recent amended answer. *See* Dkt. No. 200 at 6. While Best Brands' proposed counterclaim includes facts that could not have been alleged in Best Brands' most recent amended answer, the claim itself and the relief sought for it are fully encapsulated by the affirmative defenses Best Brands has already asserted. *See* Dkt. No.

121 at 9.  The proposed counterclaim is therefore duplicative of existing claims and defenses, even if it includes additional facts.

## V.   CONCLUSION

Because all of the claims in Best Brands' proposed supplemental answer are futile, Best Brands' motion to supplement (styled as a motion to amend) is DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 186.

SO ORDERED.

Dated: June 21, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge