USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                      :
BEVERLY HILLS TEDDY BEAR COMPANY,  :
                                                      :
                                        Plaintiff, :   1:19-cv-3766-GHW
                                                      :
                -against-               :   MEMORANDUM
                                                      :   OPINION AND ORDER
BEST BRANDS CONSUMER PRODUCTS, INC,  :
BEST BRANDS SALES COMPANY, LLC, and  :
GENNCOMM, LLC,  :
                                                      :
                                    Defendants.  :
                                                      :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

**I.  INTRODUCTION**

Plaintiff Beverly Hills Teddy Bear Company ("Beverly Hills") sued Defendants Best Brands Consumer Products, Inc., and Best Brands Sales Company, LLC, (together, "Best Brands") for infringing on its copyrights in the popular Squeezamals line of foam plush toys.  After the completion of discovery, Best Brands learned that Beverly Hills might have assigned those copyrights to GennComm, LLC, ("GennComm") before filing the suit.  That potential assignment called into question Beverly Hills' standing to bring the suit.  As a result, the Court decided that GennComm was a necessary party.  Beverly Hills amended its complaint to add a claim for declaratory relief against GennComm.  Beverly Hills and GennComm subsequently entered into a settlement agreement that provided that GennComm had no copyright interest in the Squeezamals toys and that neither party would bring a lawsuit over the toys in the future.

GennComm now moves under Rule 12(b)(1) to dismiss Beverly Hills' claim against it. Beverly Hills does not oppose the motion.  The Court agrees that it lacks subject matter jurisdiction over Beverly Hills' claim for declaratory judgment.  Article III of the Constitution gives courts jurisdiction to hear only cases and controversies.  Beverly Hills and GennComm have settled the

dispute underlying the claim for declaratory judgment.  No live controversy exists between them with respect to the copyrights at issue in this case.  Beverly Hills' claim for declaratory judgment is therefore moot, and GennComm's motion to dismiss Beverly Hills' claim against it for lack of subject matter jurisdiction is GRANTED.

## II. BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history in this matter.  Nonetheless, the Court recapitulates the aspects of the case relevant to this motion.

This case involves a copyright infringement claim regarding the popular Squeezamals toys.  Beverly Hills' remaining claims are one cause of action against Best Brands under the Copyright Act, 17 U.S.C. § 501(a), and one request for declaratory judgment against GennComm regarding ownership of the copyrights-in-suit.  *See* Dkt. No. 117 at 17–18.  Beverly Hills has alleged that Best Brands has infringed on its copyrights in the Squeezamals toys.  *Id.* ¶ 41.  Beverly Hills has alleged that it owns "both registered and unregistered copyrights in and related to the Squeezamals Products," *id.* ¶ 19, and that it is the "exclusive owner of the Squeezamals Works," *id.* ¶ 72.  Best Brands has raised defenses on the issues of, *inter alia*, standing, copyright validity, and copyright ownership.  *See* Dkt. No. 121 at 9.

On January 6, 2020, the Court issued a scheduling order which established a February 29, 2020 deadline for the completion of all fact discovery.  Dkt. No. 38.  On July 14, 2020, after the close of discovery, GennComm contacted Best Brands and informed it that GennComm had been party to a non-exclusive license agreement with Beverly Hills since June 16, 2017 (the "Agreement"), and that the Agreement covered the products at issue in this case.  *See* Dkt. No. 90 at 2; Dkt. No. 90 Ex. 1 at 1; Dkt. No. 85 at 4:24–5:23, 7:15–8:13.  In addition, Best Brands learned that Beverly Hills and GennComm were then litigating two cases in California courts that directly involved the Agreement and the Squeezamals products.  Dkt. No. 90 at 2, 10, 12–13.  Specifically, GennComm

sued Beverly Hills in California state court to enforce its rights under the Agreement, and Beverly Hills sued GennComm in federal court in the Central District of California, seeking a declaratory judgment of invalidity and unenforceability with respect to two of GennComm's patents. *See id.* Exs. 11–15.

After reviewing briefing from Best Brands and Beverly Hills, the Court determined that it could not decide the parties' rights under the license agreement without affording GennComm, a party to the agreement, an opportunity to present its position. *See* Dkt. No. 112. The Court ordered that GennComm be joined to this action as a necessary party but deferred its decision as to whether joinder was feasible and whether GennComm was an indispensable party. Dkt. Nos. 112, 115–16. On November 10, 2020, Beverly Hills amended its complaint and added GennComm as a defendant. Dkt. No. 117.

On December 21, 2020, the Court was informed that Beverly Hills and GennComm had entered into a settlement agreement, resolving their claims in California. Dkt. Nos. 126–27. The agreement was endorsed by the California state court as a stipulated judgment. On December 22, 2020, Beverly Hills and GennComm asked the Court to enter a consent judgment based on their settlement agreement. Dkt. No. 130. The proposed consent judgment provided that those parties stipulated to certain facts, including that "the License Agreement be deemed void *ab initio*," that Beverly Hills "has and at all times has had full ownership of all trademarks and copyrights relating to the Squeezamals Products including the Squeezamals Works" and that GennComm "assigned nunc pro tunc to [Beverly Hills] any and all rights that GennComm ever had (if any) relating to any trademarks and copyrights used by [Beverly Hills] relating to Squeezamals Products, including but not limited to the right to sue for copyright and trademark infringement (including past damages), including the right to institute this action." *Id.* Based on those stipulated facts, Beverly Hills and GennComm requested that the Court order, judge, and decree "that GennComm has no rights in

and to Plaintiff's Squeezamals Works or this action" and be dismissed from this action. *Id.* at 5. The Court declined to endorse the proposed consent judgment because the Court did not have any factual or legal support upon which to conclude that the terms of the parties' stipulation were appropriate, and the facts included therein were disputed by Best Brands, which was not a party to the settlement agreement. The Court took no position regarding the terms of the parties' private agreement. *See* Dkt. No. 141.

On May 10, 2021, Best Brands moved to supplement its answer to add one claim for declaratory relief against Beverly Hills and another against GennComm. *See* Dkt. No. 186, Mot. to Amend. Best Brands attached as an exhibit to its motion a proposed answer that included additional allegations and prayers for relief. *See* Dkt. No. 186 Ex. 1 ("Best Brands' Proposed Answer") ¶¶ 10–101, B, I, J, L. The proposed answer would have asked the Court to find that Beverly Hills, GennComm, and their respective counsel (1) colluded to settle the dispute over the validity of their license agreement in a way that would give Beverly Hills standing in this action; and (2) defrauded a state court in California into entering a consent judgment declaring the license agreement between Beverly Hills and GennComm void *ab initio*. *See id.* ¶¶ 85–86. Based on these findings, the proposed answer would have asked the Court to dismiss this action for lack of standing, *id.* ¶ B, or to declare "that the 2020 Settlement Agreement and California Consent Judgment are unenforceable against Best Brands in the current proceedings, and cannot be used to the detriment of Best Brands' defenses," *id.* ¶ J. That declaration was styled as relief for two claims under the Declaratory Judgment Act, one against Beverly Hills and the other against GennComm. *Id.* at 20, 24.

The Court denied that motion for leave to supplement, finding that the proposed claims were futile because they would not survive a motion to dismiss. Dkt. No. 206 at 2. The claim against GennComm would not have survived a motion to dismiss for lack of personal jurisdiction because the proposed answer failed to make a prima facie showing of the Court's personal

jurisdiction over GennComm with respect to that claim. *Id.* at 7–11. The claim against Beverly Hills would not have survived a motion to dismiss for lack of subject matter jurisdiction because the claim was duplicative of one of Best Brands' existing affirmative defenses, and the Court therefore would have declined to exercise jurisdiction under the Declaratory Judgment Act. *Id.* at 11–15.

On July 9, 2021, GennComm filed a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. Dkt. No. 212 ("GennComm Mot.") at 2. In his attached declaration, counsel for GennComm proffers that Beverly Hills does not oppose dismissal of its claim against GennComm provided that dismissal be made without prejudice. Dkt. No. 212-1 ¶ 2. On July 30, Best Brands filed a response to GennComm's motion to dismiss in which it argues that the Court has subject matter jurisdiction over Beverly Hill's claim against GennComm, but that the Court lacks personal jurisdiction over GennComm with respect to that claim and should dismiss the claim on that basis instead. Dkt. No. 218 ("Best Brands Resp.") at 1. On August 6, GennComm filed a reply brief. Dkt. No. 221 ("GennComm Reply").

## III. LEGAL STANDARD

### A. Rule 12(b)(1)

"Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (per curiam) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "Jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (brackets omitted) (quoting *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider evidence outside the pleadings and make findings of fact. *See Makarova*, 201 F.3d at 113. When a defendant makes a "fact-based Rule 12(b)(1) motion, proffering

evidence beyond the [p]leading," the plaintiff must then "come forward with evidence of [its] own to controvert that presented by the defendant" if it "reveal[s] the existence of factual problems in the assertion of jurisdiction." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (citation omitted) (internal quotation marks omitted).

**B.      Mootness**

"Article III of the United States Constitution provides that the judicial power of the United States extends to certain 'cases' and 'controversies.' The case-or-controversy requirement of Article III encompasses both the requirement that the plaintiff establish standing to sue and the related doctrine of mootness." *Stagg, P.C. v. U.S. Dep't of State*, 983 F.3d 589, 601 (2d Cir. 2020). "Under the doctrine of mootness, the plaintiff's 'personal stake' in the outcome of the litigation 'must be extant at all stages of review, not merely at the time the complaint is filed.'" *Id.* (quoting *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted) (some internal quotation marks omitted).

A claim for declaratory judgment satisfies the case-or-controversy requirement when the dispute to be resolved by the judgment is "definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)). The dispute must "be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (brackets in original) (quoting *Aetna*, 300 U.S. 227, 241). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

6

declaratory judgment." *Id.* (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.,* 312 U.S. 270, 273 (1941)).

## IV. DISCUSSION

### A. Subject Matter Jurisdiction

Beverly Hills' claim for declaratory judgment is moot because Beverly Hills and GennComm have settled their dispute regarding the ownership of the copyrights at issue. A claim for declaratory judgment in an intellectual property case is moot when the parties to the claim have settled their dispute by agreeing not to sue each other over the intellectual property at issue. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 97 (2d Cir. 2011), *aff'd* 568 U.S. 85 (2013). In *Nike*, the Second Circuit drew on the totality-of-the-circumstances test endorsed by the Supreme Court in *MedImmune* and counseled district courts to

> consider, in addition to other factors: (1) the language of the covenant, (2) whether the covenant covers future, as well as past, activity and products, and (3) evidence of intention or lack of intention, on the part of the party asserting jurisdiction, to engage in new activity or to develop new potentially infringing products that arguably are not covered by the covenant.

*Id.* at 96. Applying those factors to the facts in *Nike*, the Second Circuit found that because the plaintiff's covenant not to sue encompassed all past and future products, "render[ing] the threat of litigation remote or nonexistent," the defendant's claim for declaratory judgment of noninfringement was moot. *Id.* at 97. That conclusion reflects the basic principle that claims for declaratory judgment must, like all claims, satisfy Article III's case-or-controversy requirement to be heard in federal court. *Already v. Nike*, 568 U.S. at 90. When future litigation between the parties is highly unlikely—as when the parties have agreed not to sue one another—there is no "case" or "controversy" within the meaning of Article III. *See id.* at 92–95.

Beverly Hills' claim for declaratory relief falls squarely within the holding of *Nike*. Here, as in *Nike*, the only claim between the parties is one seeking a declaration regarding the owner of the intellectual property at issue. *See* Third Am. Compl. ¶¶ 79–83, H (seeking "a declaration that

7

GennComm has no right, title or interest in Plaintiff's Squeezamals Works or this Action"). And here, as in *Nike*, the parties have already resolved that question by private agreement:

> GennComm hereby relinquishes any rights it ever had (if any) relating to those trademarks and copyrights by operation of law or otherwise and assigns to [Beverly Hills] all such rights (if any) *nunc pro tunc* that GennComm obtained, or might have obtained relating to the trademarks, copyrights and associated goodwill pertaining to Squishamals and Squeezamals®.

Dkt. No. 212-2, Settlement Agreement, ¶ 12. The parties have also, as in *Nike*, covenanted not to bring any future claims over the intellectual property at issue:

> Provided [Beverly Hills] complies with the terms of this Agreement, GennComm promises to never file any lawsuit, claim, petition, or any proceeding asserting any claim released by this Agreement, including but not limited to any patent or other claim related to or arising from [Beverly Hills'] use, in any way, of memory foam in plush, and the copyrights and trademarks in connection therewith. . . . GennComm, and its officers, agents, assignees and affiliates, agree that they will not assist any other person or entity with the prosecution of any claim, grievance, charge, complaint, lawsuit, or legal action, or other process of any kind or nature, whatsoever, against [Beverly Hills], without being compelled to do so by operation of law, relating to any subject covered by this Agreement, including, but not limited to, [Beverly Hills'] use of memory foam in plush and the copyrights and trademarks in connection therewith.
>
> . . . Provided GennComm complies with the terms of this Agreement, [Beverly Hills] promises to never file any lawsuit, claim, petition, or any proceeding asserting any claim released by this Agreement.

*Id.* ¶¶ 7, 8. Because those covenants foreclose future litigation between GennComm and Beverly Hills on the subject of the requested declaratory judgment, that judgment can make no difference to the parties. The claim seeking that judgment is therefore, as both parties to the claim agree, moot.

Best Brands, which is not a party to Beverly Hills' claim for declaratory judgment, argues that a justiciable controversy exists between Beverly Hills and GennComm because Beverly Hills brought the claim before settling it and "all challenges to subject matter jurisdiction are determined on the basis of the state of things at the time the action is commenced." Best Brands Resp. at 4. That is incorrect. Although challenges to diversity jurisdiction and standing must consider only the circumstances at the time of filing, challenges based on mootness consider subsequent events. As

8

discussed above, "an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already v. Nike*, 568 U.S. at 90. *See generally* 13B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3533 (3d ed.) [hereinafter Wright & Miller].

Best Brands' citation to *Grupo Dataflux v. Atlas Global Group* for the proposition that only the circumstances at the time of filing determine subject matter jurisdiction is inapposite. *See* Best Brands Resp. at 4. As every part of *Dataflux* except the sentence quoted by Best Brands makes clear, the "time-of-filing rule"—"taught," Best Brands notes, "to first-year law students in any basic course on federal civil procedure"—refers to the requirement that parties in diversity cases have diverse citizenships at the time of filing. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71 (2004); Best Brands Resp. at 4. It does not mean that courts heed Article III's case-or-controversy requirement only when claims are first brought. *See Already v. Nike*, 568 U.S. at 90. Best Brands' argument to the contrary flies in the face of longstanding Supreme Court authority. *See, e.g., Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))); *California v. San Pablo & Tulare R.R. Co.*, 149 U.S. 308, 313–14 (1893).

### B. Personal Jurisdiction

Best Brands urges the Court to dismiss Beverly Hills' claim against GennComm on personal rather than subject matter jurisdiction grounds. Best Brands Resp. at 1–2. The Court is unable to do so. "[S]*ua sponte* dismissal for lack of personal jurisdiction is generally only resorted to upon a motion for default judgment." *Hewes v. Alabama Sec'y of State*, No. 19-cv-9158, 2020 WL 4271708, at

*4 (S.D.N.Y. July 23, 2020) (collecting cases).¹ GennComm did not raise personal jurisdiction in this motion to dismiss. *See* GennComm Mot.; GennComm Reply at 1. Accordingly, the Court decides this motion solely on the grounds of subject matter jurisdiction.²

## V. CONCLUSION

Because Beverly Hills' claim for declaratory judgment was mooted by its settlement agreement with GennComm, GennComm's motion to dismiss that claim for lack of subject matter jurisdiction is GRANTED. Because no claims remain against GennComm and GennComm has not brought any of its own claims, it is no longer a party to this action.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 212 and to terminate Defendant GennComm from the caption of this case.

SO ORDERED.

Dated: August 12, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[1] That is because raising the defense *sua sponte* deprives the defendant of the opportunity to waive or consent to jurisdiction in the future. *See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). For example, a party might waive its personal jurisdiction defense by omitting the defense from a motion made under Rule 12. *See* Fed. R. Civ. P. 12(h)(1) ("A party waives any defense listed in Rule 12(b)(2)–(5) by . . . omitting it from a motion [made under Rule 12]"); 5C Wright & Miller § 1391 (noting that defendants waive personal jurisdiction if they do not raise it "at the time the first significant defensive move is made—whether it be by way of a Rule 12 motion or a responsive pleading").

[2] Best Brands argues that because of the Court's prior order denying Best Brands' motion to supplement, "it is now the law of the case that personal jurisdiction against GennComm does not exist." Best Brands Resp. at 3. That misunderstands both the Court's prior order and the very nature of personal jurisdiction. When the Court denied Best Brands' motion to supplement for futility, it found that Best Brands' proposed answer had failed to make a *prima facie* showing of the Court's personal jurisdiction over GennComm with respect to the proposed claim. Dkt. No. 206 at 8. That was because Best Brands had attempted to establish personal jurisdiction solely on the grounds of implied consent, even though GennComm had not substantially participated in this litigation. *Id.* The Court assessed only whether Best Brands had met its pleading burden—not whether personal jurisdiction actually existed with respect to the claim.

Even if the Court had determined that it lacked personal jurisdiction over GennComm with respect to Best Brands' proposed claim, that would not have foreclosed the Court exercising personal jurisdiction over GennComm with respect to other claims or later in the course of the litigation. Inherent in the distinction between specific and general jurisdiction is the idea that courts may exercise specific jurisdiction over a party with respect to one claim but not another. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). And even when personal jurisdiction does not exist at one time in the litigation, it may be created by waiver or consent at a later time. *See Sinoying Logistics*, 619 F.3d at 213. The Court's prior finding that Best Brands' proposed answer failed to establish the Court's personal jurisdiction over GennComm with respect to Best Brands' proposed claim therefore has no bearing on whether the Court may exercise personal jurisdiction over GennComm at a later time and with respect to a different claim.