# EXHIBIT 2

```
1  Bret G. Anderson (SBN 239491)
   Max R. Engelhardt (SBN 310968)
2  Tyler R. Train (SBN 318998)
   FERGUSON CASE ORR PATERSON LLP
3  1050 South Kimball Road
   Ventura, California 93004
4  Telephone: (805) 659-6800
   Facsimile:  (805) 659-6818
5  Email:  banderson@fcoplaw.com

6  Attorneys for Defendant BEVERLY HILLS
   TEDDY BEAR COMPANY
```

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES NORTHWEST DISTRICT- VAN NUYS EAST

| | |
|---|---|
| GENNCOMM, LLC, a California Limited Liability Corporation,<br><br>v.<br><br>BEVERLY HILLS TEDDY BEAR COMPANY, a California corporation; and DOES 1 to 100 inclusive, | Case No. 18VECV00045<br><br>Complaint Filed: October 15, 2018<br><br>Hon. Shirley K. Watkins, Department T |
| BEVERLY HILLS TEDDY BEAR COMPANY, a California corporation,<br><br>v.<br><br>GENNCOMM, LLC, a California limited liability company and DOES 1-100 inclusive. | **DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

Defendant BEVERLY HILLS TEDDY BEAR COMPANY ("Defendant") answers the Verified First Amended Complaint For Damages and Equitable Relief ("FAC") filed by Plaintiff GENNCOMM LLC ("Plaintiff"), as follows:

## COMMON ALLEGATIONS

Ex. 46

1. Defendant denies each and every allegation in paragraph 1.

2. Regarding the allegations in paragraph 2, Defendant admits that a document titled "Non-Exclusive License Agreement" is attached to the FAC as Exhibit 1. Defendant further

admits that David Socha signed the document on about September 20, 2017. Defendant denies each and every remaining allegation in paragraph 2.

3.  Defendant denies each and every allegation in paragraph 3. The allegation misstates and/or misquotes Exhibit 1, page 23. Defendant therefore lacks information sufficient to admit or deny the allegations and on that basis, denies each and every allegation in paragraph 3.

4.  Regarding the allegations in paragraph 4, Defendant admits that the document attached to the FAC as Exhibit 1, contains the alleged language in paragraph 4. Defendant denies each and every remaining allegation in paragraph 4.

5.  Regarding the allegations in paragraph 5, Defendant admits that it received the 2018 Toy-of-the-Year Award in Plush by Learning Express. Defendant denies each and every other allegation in paragraph 5.

6.  Regarding the allegations in paragraph 6, on information and belief, Defendant admits each and every allegation therein.

7.  Defendant admits each and every allegation in paragraph 7.

8.  Regarding the allegations in paragraph 8, Defendant admits that the parties agreed to dismiss David Socha, an individual, with prejudice. Defendant further admits that David Socha is BHTB's Chief Executive Officer, and a director, and a shareholder of Defendant.

9.  Defendant lacks sufficient information to either admit or deny the allegations in paragraph 9, and on that basis denies each and every allegation in paragraph 9.

10. Defendant denies each and every allegation in paragraph 10.

11. Defendant denies each and every allegation in paragraph 11.

12. Defendant denies each and every allegation in paragraph 12.

13. Defendant denies each and every allegation in paragraph 13.

14. Defendant denies each and every allegation in paragraph 14.

15. Defendant denies each and every allegation in paragraph 15.

16. Paragraph 16 contains legal conclusions and questions of law to which no response is required. On that basis, and to the extent there are any factual allegations in paragraph 16, Defendant denies each and every allegation therein.

17. Paragraph 17 contains legal conclusions and questions of law to which no response is required. On that basis, and to the extent there are any factual allegations in paragraph 17, Defendant denies each and every allegation therein.

18. Paragraph 18 contains legal conclusions and questions of law to which no response is required. On that basis, and to the extent there are any factual allegations in paragraph 18, Defendant denies each and every allegation therein.

19. Regarding the allegations of paragraph 19, Defendant admits that on about April 19, 2017, GennComm representatives Genna Rosenberg, Jeremy Medwed, and Allyson Frome met with BHTB representatives David Socha, Cristy Collins, and Randy Clark. Defendant further admits that GennComm's Pop Ups Plush™ was discussed at the meeting and that GennComm showed BHTB a video presentation and physical samples of Pop Up Plush™ at the meeting. Defendant further admits that David Socha informed GennComm that it had used memory foam before. Defendant denies each and every remaining allegation in paragraph 19.

20. Defendant denies each and every allegation in paragraph 20.

21. Regarding the allegations of paragraph 21, Defendant admits that it asked for and was given samples at the April 19, 2017 meeting. Defendant further admits that the samples included a "Nemo" plush and that Randy Clark was leaving for Hong Kong. Defendant denies each and every other remaining allegation in paragraph 21.

22. Regarding the allegations of paragraph 22, Defendant admits that David Socha stated at the April 19, 2017 meeting that BHTB wanted to show the "Nemo" plush to Disney. Defendant denies each and every other remaining allegation in paragraph 22.

23. Regarding the allegations of paragraph 23, Defendant admits that Allyson Frome emailed David Socha, Randy Clark, and Cristy Collins a presentation about Pop Up Plush™ and a "mutual non-disclosure agreement" for review. Defendant denies each and every remaining allegation in paragraph 23.

24. Regarding the allegations of paragraph 24, Defendant admits that on April 19, 2017, Cristy Collins emailed Allyson Frome about costing out Pop Up Plush™ over the following two weeks and that Cristy Collins asked Allyson Frome in the email on April 19, 2017 whether

FERGUSON CASE ORR PATERSON LLP
1050 South Kimball Road, Ventura, California 93004
4550 E. Thousand Oaks Blvd, Ste 250, Westlake Village, California 91362

1885715

GennComm would be open to the idea of BHTB previewing the idea with a Walmart plush buyer. Defendant denies each and every remaining allegation in paragraph 24.

25. Regarding the allegations in paragraph 25, Defendant admits that Cristy Collins emailed Allyson Frome on April 24, 2017 and asked if "there is any chance [BHTB] could get some help with a new sample for the WMT meeting?" Defendant denies each and every other remaining allegation in paragraph 25.

26. Regarding the allegations in paragraph 26, Defendant admits that Exhibit 2 to the FAC is a document titled "Mutual Non-Disclosure Agreement." Defendant lacks information sufficient to admit or deny the remaining allegations in the paragraph and on that basis denies each and every remaining allegation in paragraph 26.

27. Regarding the allegations in paragraph 27, Defendant admits that it received samples from Plaintiff. Defendant denies each and every remaining allegation in paragraph 27.

28. On information and belief, Defendant admits the allegations paragraph 28.

29. On information and belief, Defendant admits that Genna Rosenberg and David Socha exchanged text messages on June 2, 2017. Defendant denies each and every remaining allegation in paragraph 29.

30. Regarding the allegations in paragraph 30, Defendant admits on information and belief that Cristy Collins and Allyson Frome discussed Pop Up Plush™ on about June 6, 2017. Defendant denies each and every remaining allegation in paragraph 30.

31. On information and belief, Defendant admits that emails and calls were exchanged between GennComm and BHTB from June 6, 2017 to June 13, 2017. Defendant denies each and every other remaining allegation in paragraph 31.

32. Regarding the allegations in paragraph 32, Defendant admits that Cristy Collins emailed Genna Rosenberg and stated to her that the parties "have agreement on the deal terms for your foam application for plush." Defendant denies each and every other remaining allegation in paragraph 32.

33. Regarding the allegations in paragraph 33, Defendant admits that on June 16, 2017, Allyson Frome emailed Cristy Collins a document regarding licensee deal terms. Defendant denies

each and every other remaining allegation in paragraph 33.

34. Regarding the allegations in paragraph 34, Defendant admits that Exhibit 1 to the FAC includes a document titled "Licensee Deal Terms." On information and belief, Defendant admits that on or about September 20, 2017, Defendant delivered a signed copy of the "License Deal Terms" to GennComm. Defendant denies each and every other remaining allegation in paragraph 34.

35. Regarding the allegations in paragraph 35, Defendant admits that Allyson From emailed Cristy Collins a document titled "Non-Exclusive License Agreement" on about July 17, 2017. Defendant denies each and every other remaining allegation in paragraph 35.

36. Regarding the allegations in paragraph 36, Defendant lacks information sufficient to admit or deny the allegations and on that basis denies each and every allegation in paragraph 36.

37. Regarding the allegations in paragraph 37, Defendant admits that Exhibit 1 is a document titled "Non-Exclusive License Agreement." Defendant denies each and every other allegation in paragraph 37.

38. Regarding the allegations in paragraph 38, Defendant admits that on September 26, 2017, Cristy Collins emailed Genna Rosenberg and stated "I hope all is well. I am happy to report that we would like to use the pop-up plush in one of our Disney Emoji skus for LATAM. This will be a $9.99 Emoji plush, launching in spring 18 and going through to fall 18 and beyond. Given that, we need to talk about a 3rd party royalty rate and get that added into the contract, assuming you are ok with this. Let me know your thoughts. Looking forward to seeing you in Dallas next week!" Defendant denies each and every remaining allegation in paragraph 38.

39. Regarding the allegations in paragraph 39, Defendant admits that a BHTB representative attended the Fall Mass Market Preview in Dallas in October 2017. Defendant denies each and every remaining allegation in paragraph 39.

40. Regarding the allegations in paragraph 40, Defendant admits that on October 5, 2017, Allyson Frome emailed Cristy Collins a document named "First Amendment to Pop Up Plush Agreement_BHTB (1).docx." Defendant denies each and every other allegation in paragraph 40.

41.   Regarding the allegations in paragraph 41, Defendant admits that Cristy Collins emailed Allyson Frome. Defendant denies each and every other remaining allegation in paragraph 41.

42.   Regarding the allegations in paragraph 42, Defendant admits that on October 23, 2017, Cristy Collins emailed Allyson Frome stating "We are showing to Target on Wed am. They will be the first in the US to see the line. For this meeting we want to be able to talk about this being a patent protected item. Can you send me detail on what the patent covers so that I don'y (sic) misrepresent that in the meeting?" Defendant denies each and every remaining allegation in paragraph 42.

43.   Regarding the allegations in paragraph 43, Defendant admits that on October 23, 2017, Allyson Frome emailed Cristy Collins stating "[w]e have a provisional patent pending with the USPTO that covers a plush character stuffed with sculpted or molded slow rising foam. The plush can be compressed into various types of packages and will increase to 3 times it's (sic) size once released from the package."

44.   Regarding the allegations in paragraph 44, Defendant admits that Cristy Collins wrote an email on October 23, 2017 that stated: "Generic. 3 sizes/ price points. This will be sold into international as well with very strong interest from our partners. TV supported as well in US at minimum." Defendant further admits that Cristy Collins wrote an email on October 26, 2017 that stated: "The meeting was good. We are working with them toward an early launch in June but we still have some work to do to get that sealed. We are showing Wal-mart on Nov 15th as well." Defendant denies each and every remaining allegation in paragraph 44.

45.   Defendant denies each and every allegation in paragraph 45.

46.   Defendant denies each and every allegation in paragraph 46.

47.   Defendant denies each and every allegation in paragraph 47.

48.   Regarding the allegations in paragraph 48, Defendant lacks sufficient information to admit or deny the allegations and on that basis denies each and every allegation in paragraph 48.

49.   Regarding the allegations in paragraph 49, Defendant admits that Randy Clark advised Genna Rosenberg that Target had reduced their order. Defendant denies each and every

remaining allegation in paragraph 49.

50. Regarding the allegations in paragraph 50, Defendant admits that Randy Clark requested a copy of the provisional patent. Defendant denies each and every remaining allegation in paragraph 50.

51. Regarding the allegations in paragraph 51, Defendant admits that Plaintiff's representative sent Randy Clark a copy of a provisional patent application. Defendant denies each and every remaining allegation in paragraph 51.

52. Regarding the allegations in paragraph 52, Defendant lacks sufficient information to admit or deny the allegations and on that basis denies each and every allegation in paragraph 52.

53. Regarding the allegations in paragraph 53, Defendant lacks sufficient information to admit or deny the allegations and on that basis denies each and every allegation in paragraph 53.

54. Defendant denies each and every allegation in paragraph 54.

55. Regarding the allegations in paragraph 55, Defendant lacks sufficient information to admit or deny the allegations and on that basis denies each and every allegation in paragraph 55.

56. Regarding the allegations in paragraph 56, Defendant admits that David Socha corresponded with Genna Rosenberg between February 14, 2018 and April 12, 2018. Defendant denies each and every remaining allegation in paragraph 56.

57. Regarding the allegations in paragraph 57, Defendant lacks sufficient information to admit or deny the allegations and on that basis denies each and every allegation in paragraph 57.

58. Regarding the allegations in paragraph 58, Defendant admits that David Socha emailed Genna Rosenberg on March 15, 2018 stating, among other things, "your idea isn't even really being used. We are being very kind in this---and frankly, I feel like the wool was pulled over our eyes when we signed the agreement…I didn't even read it before I signed it…I relied on an outside contractor for the details…[…at the end of the day, I do believe we are better allies than enemies…the damage we could cause each other is not something I want to think about…." Defendant denies each and every remaining allegation in paragraph 58.

59. Regarding the allegations in paragraph 59, Defendant denies that Defendant owes any royalties to Plaintiff. Defendant admits that it has not paid Plaintiff royalties. Defendant

7

denies each and every remaining allegation in paragraph 59.

60.   To the extent Defendant admits or denies any allegations in paragraphs 1-59, Defendant incorporates such admissions and/or denials herein.

61.   Regarding the allegations in paragraph 61, Defendant admits that a document titled "Non-Exclusive License Agreement" is attached to the FAC as Exhibit 1. Defendant further admits that David Socha signed the document on about September 20, 2017. Defendant denies each and every remaining allegation in paragraph 61.

62.   Defendant denies each and every allegation in paragraph 62. The allegation misstates and/or misquotes Exhibit 1, page 23. Defendant therefore lacks information sufficient to admit or deny the allegations and on that basis, denies each and every allegation in paragraph 62.

63.   Regarding the allegations in paragraph 63, Defendant admits that the document attached to the FAC as Exhibit 1, contains the alleged language in paragraph 63. Defendant denies each and every remaining allegation in paragraph 63.

64.   Regarding the allegations in paragraph 64, Defendant admits that the document attached to the FAC as Exhibit 1, contains the alleged language in paragraph 63. Defendant denies each and every remaining allegation in paragraph 64.

65.   Regarding the allegations in paragraph 65, Defendant admits that it received the 2018 Toy-of-the-Year Award in Plush by Learning Express. Defendant denies each and every other allegation in paragraph 65.

66.   Regarding the allegations in paragraph 66, Defendant denies that it owes royalties to Plaintiff. Defendant admits that it has not given Plaintiff a royalty report because no royalties are owed. Defendant denies each and every remaining allegation in paragraph 66.

67.   Regarding the allegations in paragraph 67, Defendant admits that no amendment has been entered and denies that an amendment is necessary. Defendant denies each and every other allegation in paragraph 67.

68.   Regarding the allegations in paragraph 68, Defendant lacks information sufficient to admit or deny the allegations and on that basis denies each and every allegation in paragraph 68.

69.   Defendant denies each and every allegation in paragraph 69 and denies each and

every allegation in sub-paragraphs 69(a)-69(i).

70. Regarding the allegations in paragraph 70, Defendant admits that Plaintiff has demanded royalties from Defendant. Defendant denies each and every remaining allegation in paragraph 70.

71. Defendant denies each and every allegation in paragraph 71.

72. Defendant denies each and every allegation in paragraph 72.

73. Defendant denies each and every allegation in paragraph 73.

74. To the extent Defendant admits or denies any allegations in paragraphs 1-73, Defendant incorporates such admissions and/or denials herein.

75. Regarding the allegations in paragraph 75, Defendant admits that Exhibit 1 is a document titled "Non-Exclusive License Agreement." Defendant denies each and every remaining allegation in paragraph 75.

76. Regarding the allegations in paragraph 76, the paragraph contains legal conclusions and argument for which no response is required. On that basis, Defendant denies each and every allegation in paragraph 76.

77. Regarding the allegations in paragraph 77, the paragraph contains legal conclusions and argument for which no response is required. On that basis, Defendant denies each and every allegation in paragraph 77.

78. Regarding the allegations in paragraph 78, the paragraph contains legal conclusions and argument for which no response is required. On that basis, Defendant denies each and every allegation in paragraph 78.

79. Regarding the allegations in paragraph 79, the paragraph contains legal conclusions and argument for which no response is required. On that basis, Defendant denies each and every allegation in paragraph 79.

80. Regarding the allegations in paragraph 80, Defendant admits that Plaintiff has demanded money from Defendant. Defendant denies each and every other remaining allegation in paragraph 80.

81. Regarding the prayer in Plaintiff's FAC, to the extent it contains any factual

allegations, Defendant denies each and every allegation set forth in the prayer of Plaintiff's FAC.

82. To the extent not otherwise admitted or denied herein, Defendant denies each and every allegation in Plaintiff's FAC.

83. To the extent not denied elsewhere herein, wherever the terms "information," "innovation," or "concept" appear in the FAC's allegations, Defendant denies each and every allegation set forth in the FAC that it received, used, misused, intended to license, or was licensing any "concept," "information," or "innovation" from Plaintiff. Defendant expressly denies all such allegations in the FAC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Cause of Action)

1. The Complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause of action against Defendant BEVERLY HILLS TEDDY BEAR COMPANY.

### SECOND AFFIRMATIVE DEFENSE
(Excuse from Performance and Failure to Perform)

2. Insofar as the claims of Plaintiff is based in whole or in part on any agreements or trusts, Defendant BEVERLY HILLS TEDDY BEAR COMPANY is excused from further performance of said alleged agreements or trusts because of the failure of Plaintiff to perform under such agreements or trusts.

### THIRD AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

3. Plaintiff's recovery herein is barred by Plaintiff's failure to mitigate Plaintiff's own damages.

### FOURTH AFFIRMATIVE DEFENSE
(Wavier and Estoppel)

4. Plaintiff waived the claims, relief and damages requested against Defendant BEVERLY HILLS TEDDY BEAR COMPANY by the actions, statements and agreements of Plaintiff and Plaintiff's agents and representatives. Plaintiff is therefore estopped from recovering

damages against Defendant BEVERLY HILLS TEDDY BEAR COMPANY.

### FIFTH AFFIRMATIVE DEFENSE
### (Set-Off)

5. Defendant BEVERLY HILLS TEDDY BEAR COMPANY is entitled to set-off such amounts and damages and relief according to proof against any damages claimed by Plaintiff. Without limitation, Plaintiff's actions or inactions resulted in damages to Defendant BEVERLY HILLS TEDDY BEAR COMPANY. Such damages should be set off against the amounts claimed by Plaintiff herein.

### SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

6. Plaintiff is guilty of unclean hands and is barred from recovery.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

7. The alleged agreements and obligations implied by Plaintiff are barred by the statute of frauds.

### EIGHTH AFFIRMATIVE DEFENSE
### (Acts of Plaintiff)

8. Any alleged damages suffered by Plaintiff are the proximate result of the failure, neglect, omissions, negligence and/or acts of the Plaintiff and on that basis Plaintiff is barred from recovery.

### NINTH AFFIRMATIVE DEFENSE
### (Failure to Act in Good Faith)

9. Plaintiff and Plaintiff's agents breached the covenant of good faith and fair dealing by their actions and inactions and have failed to act in good faith.

### TENTH AFFIRMATIVE DEFENSE
### (Contributory Negligence/Comparative Fault)

10. Any alleged damages that Plaintiff may have incurred were the result of Plaintiff's own fault, or the fault of third parties who were not under Defendant BEVERLY HILLS TEDDY

BEAR COMPANY's control. Plaintiff's alleged damages should be reduced proportionately to reflect the fault of Plaintiff and such other third parties.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Work/Conduct)

11. Plaintiff has waived any right to recovery of the claims presented in the Complaint by reason of Plaintiff's own words, conduct or inaction and the words, conduct or inaction of Plaintiff's representatives and agents, in relation to the transactions and agreements that are the subject of the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

12. The Complaint, and each of its causes of action, is barred by the statute of limitations pursuant to California Code of Civil Procedure §§ 337, 337a, 338 including subsections (a), (b), (c) and (d) therein, 339 including subsections (1), (2) and (3) therein, 340 including subsections (a), (b) and (c) therein, 343, 344, and as otherwise allowed by law.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Laches)

13. Plaintiff's claims are barred by the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

14. The Complaint and the recovery requested therein are barred by the doctrine of estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Failure of Consideration/Excuse of Performance)

15. To the extent, if any, that Defendant BEVERLY HILLS TEDDY BEAR COMPANY failed to perform the obligations described in the Complaint, such failure, if any, resulted from Plaintiff's failure to perform as required under the terms of the agreement alleged in the Complaint, if any, and performance on Plaintiff's part was a condition precedent to or concurrent with the performance of Defendant BEVERLY HILLS TEDDY BEAR COMPANY's

obligations.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Consent to Acts and Omissions)

16. Plaintiff expressly or impliedly consented to all of the acts or omissions of Defendant BEVERLY HILLS TEDDY BEAR COMPANY.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

17. Plaintiff assumed the risk, if any, of the alleged events, occurrences, and happenings which are the subject of the Complaint. Accordingly, Plaintiff's damages, if any, were proximately caused by Plaintiff's own actions, and Plaintiff is therefore barred from recovery of damages, if any, on any of Plaintiff's purported causes of action.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Condition Precedent)

18. To the extent, if any, Defendant BEVERLY HILLS TEDDY BEAR COMPANY failed to perform the obligations described in the Complaint, such failure, if any, resulted from Plaintiff's failure to perform as required under the terms of the agreements or trusts identified in the Complaint, and performance on Plaintiff's part was a condition precedent to or concurrent with the performance of Defendant BEVERLY HILLS TEDDY BEAR COMPANY's obligations.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Breach of Warranty)

19. Plaintiff breached warranties it made in the subject agreement(s) and is therefore barred from any recovery of damages from Defendant BEVERLY HILLS TEDDY BEAR COMPANY.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Judicial Estoppel)

20. Plaintiff's claims are barred in whole or in part by the doctrine of judicial estoppel.

**WHEREFORE**, Defendant BEVERLY HILLS TEDDY BEAR COMPANY prays for relief as follows:

1. That Plaintiff takes nothing from the Complaint;

2. That Defendant BEVERLY HILLS TEDDY BEAR COMPANY recover costs of suit and reasonable attorneys' fees; and

3. For such other and further relief as the court may deem proper.

Date: April 10, 2019                    FERGUSON CASE ORR PATERSON LLP

                                        By: _____
                                        Bret G. Anderson
                                        Attorneys for Defendant BEVERLY
                                        HILLS TEDDY BEAR COMPANY

## VERIFICATION

I am an Officer of BEVERLY HILLS TEDDY BEAR COMPANY, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty under the laws of the State of California that the foregoing is true and correct.

Executed on April 10, 2019 at ___Newhall___, California.

_____
DAVID SOCHA for
BEVERLY HILLS TEDDY BEAR COMPANY

---

1

VERIFICATION OF ANSWER TO VERIFIED COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA:

    I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action. My business address is 1050 South Kimball Road, Ventura, California 93004.

    On April 10, 2019, I served ☐ the original ☒ a true copy of the foregoing document described as **DEFENDANT'S ANSWER TO PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**, which is related to the action styled *Genncomm LLC v. Beverly Hills Teddy Bear*, Los Angeles Superior Court Case No. 18VECV00045, on the person or persons listed on the attached Service List as follows:

☒     **BY MAIL:** I enclosed the above-described document in (an) envelope(s) with postage thereon fully pre-paid and addressed as set forth on the attached Service List. I am readily familiar with FERGUSON CASE ORR PATERSON LLP's practice of collection and processing correspondence for mail with the U.S. Postal Service. Pursuant to that practice, I placed the above-described envelope into the Firm's designated receptacle, of which the contents are to be deposited with the U.S. Postal Service on that same day at Ventura, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated herein.

☐     **BY EXPRESS MAIL:** I enclosed the above-described document in (an) envelope(s) with Express Mail postage fully pre-paid and addressed as set forth on the attached Service List. I placed the above-described envelope into a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service for receipt of Express Mail.

☐     **BY OVERNIGHT DELIVERY:** I enclosed the above-described document in (an) envelope(s) of a type designated by the express service carrier for overnight delivery with delivery fees fully pre-paid or provided for and addressed as set forth on the attached Service List. I ☐ placed the above-described envelope into a box or other facility regularly maintained by the express service carrier/☐ delivered the above-described envelope to an authorized courier or driver authorized by the express service carrier to receive documents.

☐     **BY PERSONAL SERVICE:** I personally delivered the above-described document to _____, ☐ a party to this action; ☐ an attorney for _____, who is a party to this action, by leaving the document at the attorney's office in an envelope clearly labeled to identify the attorney being served with _____, a receptionist or a person having charge the office; at _____ ☐ a.m. ☐ p.m. on _____, at _____, _____.

☐     **BY FACSIMILE TRANSMISSION:** I caused the above-described document to be transmitted via facsimile from (805) 659-6818 to each facsimile number listed on the attached Service List at _____ ☐ a.m. ☐ p.m. on the date set forth above. Each fax transmission was reported as complete and without error, and each transmission report attached hereto was properly issued by the sending fax machine.

☐     **BY ELECTRONIC TRANSMISSION:** I served a true copy of the document electronically in Portable Document Format (PDF) by transmitting it from _____@fcoplaw.com to the electronic service address(es) (emails), as indicated on the attached Service List at _____ ☐ a.m. ☐ p.m. on the date set forth above.

☒     (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐     (Federal)     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 10, 2019, at Ventura, California.

*/s/ Tina Mercado*
Tina Mercado

In accordance with the California Code of Civil Procedure and Rules of Court regarding service, an executed copy of this Proof of Service is on file at Ferguson Case Orr Paterson LLP and will be made available for photocopying and inspection upon a request made pursuant to applicable statutory provisions.

## SERVICE LIST

Vahe Hovanessian
Law Office of Vahe Hovanessian
100 N. Brand Boulevard, Suite 536
Glendale, CA 91203-2642
Telephone:   (818) 240-1333
Facsimile:   (818) 240-1369
Email:   vahe@vhlaw.com
Attorneys for  Plaintiffs Genncomm, LLC
By Mail

FERGUSON CASE ORR PATERSON LLP
1050 South Kimball Road, Ventura, California 93004
4550 E. Thousand Oaks Blvd, Ste 250, Westlake Village, California 91362

1885715

2
PROOF OF SERVICE