UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY HILLS TEDDY BEAR COMPANY<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BEST BRANDS CONSUMER PRODUCTS, INC., and BEST BRANDS SALES COMPANY, LLC<br><br>　　　　　Defendants. | Civil Action No.:<br><br>1:19-cv-3766 (AS)<br><br>**ORAL ARGUMENT REQUESTED** |

### DEFENDANT BEST BRANDS' RESPONSE TO PLAINTIFF'S RULE 56.1 COUNTERSTATEMENT OF MATERIAL UNDISPUTED FACTS

Defendants respond to Plaintiffs' Rule 56.1 Statement as follows for the sole purpose of summary judgment briefing, while reserving all rights to dispute and object to the matters below at trial, which reservations and objections shall be deemed fully incorporated into each response. For example, Defendants reserve all available objections at trial, reserve the right to dispute any and all of the facts below at trial, and reserve the right to require Plaintiff to meet its evidentiary burdens and burden to admit the alleged facts below into evidence at trial.

46.　Plaintiff's U.S. Copyright Registration Nos.: VA 2-111-231, covering the Squeezamals Series 1 White Cat; VA 2-111-208, covering the Squeezamals Series 1 Monkey; VA 2-111-230, covering the Squeezamals Series 1 Penguin; VA 2-112-188, covering the Squeezamals Series 1 Unicorn; VA 2-140-693, covering the Squeezamals Series 1 Teal Cat; VA 2-140-694, covering the Squeezamals Series 1 Duck; VA 2-140-678, covering the Squeezamals Series 1 Ladybug; VA 2-140-680, covering the Squeezamals Series 1 Pink

1

Owl; VA 2-140-672, covering the Squeezamals Series 1 Bunny; VA 2-140-676, covering the Squeezamals Series 1 Fox; VA 2-140-679, covering the Squeezamals Series 1 Pig; and VA 2-140-698, covering the Squeezamals Series 1 Narwhal (collectively, "Squeezamals Works", and "Squeezamals Registrations", respectively) all issued before or within five years after first publication of each of the Squeezamals Works. *Dkt. Nos. 117-3-117-5; see also* Defendants' SMUF, Ex. 11.

**DEFENDANTS' RESPONSE**: *UNDISPUTED* as to what is stated in the documents, and the timing thereof.

47. As evidenced by the Effective Date of Registration listed on all the Squeezamals Registrations, Plaintiff filed all of the applications covering the three-dimensional sculptural Squeezamals Works (collectively, the "Squeezamals Applications") in or about July 2018.

    **DEFENDANTS' RESPONSE**: *UNDISPUTED* as to what is stated in the documents, and the timing thereof.

48. The Squeezamals Series 1 White Cat, Squeezamals Series 1 Monkey, Squeezamals Series 1 Penguin, the Squeezamals Series 1 Teal Cat, the Squeezamals Series 1 Duck, the Squeezamals Series 1 Ladybug, the Squeezamals Series 1 Pink Owl, the Squeezamals Series 1 Bunny, the Squeezamals Series 1 Fox, the Squeezamals Series 1 Pig, and the Squeezamals Series 1 Narwhal (collectively, the "Series 1 Squeezamals Launch Products") were first in store in Target in January 2018. Defendants' SMUF, Ex. 7, Clark Dep. 23:7-24:25.

    **DEFENDANTS' RESPONSE:** *DISPUTED*. Mr. Clark testified in the cited testimony that he didn't recall whether the products were all on the shelves in Target in January 2018.

*See,* Defendants SMUF, Dkt. 293-7, Clark Dep. 24:18-25*.*

49. The Squeezamals Series 1 Unicorn was released by Plaintiff after the Series 1 Squeezamals Launch Products. *See Wigder Dec.*, Ex. 18, *Dkt. No. 55-18*.

   **DEFENDANTS' RESPONSE:** *DISPUTED.* There is no citation of specific evidence in Ms. Wigder's declaration regarding this fact; and she is an associate at Defendant's law firm who has no personal knowledge of the Unicorn release dates.

50. Plaintiff's invoice to Target pertaining to the Series 1 Squeezamals Launch Products is dated January 1, 2018, and indicates a ship date of December 27, 2017. *Brownlee Referral Dec.*, Ex. B, *Dkt. No. 61-2* (marked BHTBC000940).

   **DEFENDANTS' RESPONSE:** *DISPUTED.* The invoice does not indicate that it is for the "Series I Squeezamals Launch Products," or which ones it is allegedly for, and Defendants object that the declarant, Ms. Brownlee, is an attorney with no personal knowledge of the recited facts.

51. The air waybill pertaining to the shipment of the Series 1 Squeezamals Launch Products for Target is signed December 20, 2017, and indicates it was on Flight KZ202 on the 21st. *Wigder Dec.*, Ex. 21, *Dkt. No. 55-21* (marked BHTBC001761).

   **DEFENDANTS' RESPONSE:** *DISPUTED.* The invoice does not indicate that it is for the "Series I Squeezamals Launch Products," or which ones it is allegedly for, and Defendants object that the declarant, Ms. Wigder, is Defendants' own attorney, with no personal knowledge of the facts in question (and who merely affirmed that ths is a document produced by Plaintiff in discovery).

52. The Squeezamals Registrations for the Series 1 Squeezamals Launch Products all state that the date of publication for each of those Squeezamals Works was December 21, 2017. *See*

3

*Dkt. Nos. 117-3-117-5*; *see also* Defendants' SMUF, Ex. 11.

**DEFENDANTS' RESPONSE:** *UNDISPUTED* that this is what is stated in those registrations. However, Defendants' response hereto is solely limited to admitting what is stated on the registration themselves, which reflects what BHTBC told the U.S. Copyright Office. Defendant reserves the right to dispute, and does dispute, that the publication dates are correct, as discussed at length in its motion and reply briefs based on Plaintiff's own evidence and lack thereof.

53. The Squeezamals Registration for the Squeezamals Series 1 Unicorn states that said Squeezamals Work was published on February 27, 2018. *See Dkt. Nos. 117-3-117-5*; *see also* Defendants' SMUF, Ex. 11.

    **DEFENDANTS' RESPONSE:** *UNDISPUTED* that this is what is stated in that Registration. However, Defendants' response hereto is solely limited to admitting what is stated on the registration itself, which reflects what BHTBC told the U.S. Copyright Office. Defendant reserves the right to dispute, and does dispute, that the publication date is correct, as discussed at length in its motion and reply briefs based on Plaintiff's own evidence and lack thereof.

54. The first invoice date pertaining to the Squeezamals Series 1 Unicorn is March 14, 2018 (*Wigder Dec.*, Ex. 18, *Dkt. No. 55-18*), which demonstrates that the Squeezamals Series 1 Unicorn shipped prior to that date (*see, e.g.*, *Brownlee Referral Dec.*, Ex. B, *Dkt. No. 61-2* and *Wigder Dec.*, Ex. 21, *Dkt. No. 55-21*) (invoice date postdates shipment date).

    **DEFENDANTS' RESPONSE:** *DISPUTED.* The invoice date "demonstrates" nothing regarding the shipment date, as the invoice could have been issued before, at the time of, or after the shipment date. Likewise, the citations for this "fact" are to declarations of Ms.

Brownlee and Ms. Wigder, neither of whom address the relationship between the invoice date and shipment date. Moreover, both of the declarants are lawyers (the former for Plaintiff and the latter for Defendants) who have no personal knowledge of the alleged facts recited by Plaintiff in this paragraph 54.

Dated:  January 29, 2024         Respectfully submitted,

*/s/ Morris E. Cohen*

Morris E. Cohen
Lee A. Goldberg
GOLDBERG COHEN LLP
1350 Avenue of the Americas, 3rd Floor
New York, New York 10019
(646) 380-2087 (phone – main)
(646) 380-2084 (phone – direct)
(646) 514-2123 (fax)
LGoldberg@GoldbergCohen.com
MCohen@GoldbergCohen.com

## CERTIFICATE OF SERVICE

    I hereby certify that on January 29, 2024, a true and correct copy of the foregoing was served on counsel of record via the Court's ECF system.

Dated: January 29, 2024                      */s/ Morris E. Cohen*

                                                        Morris E. Cohen