UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEVERLY HILLS TEDDY BEAR COMPANY,<br><br>                                      Plaintiff,<br><br>-against-<br><br>BEST BRANDS CONSUMER PRODUCTS, INC. et al.,<br><br>                                      Defendants. | 19-cv-3766 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

This is a case for copyright infringement. Defendant Best Brands Consumer Products, Inc. moves for a referral to the Copyright Office to determine whether certain allegedly inaccurate information would have caused the Office to deny Plaintiff Beverly Hills Teddy Bear Company's (BHTBC) copyright registration. Dkt. 292. If the Office answers in the affirmative, Best Brands further asks this Court to grant summary judgment in its favor and hold that BHTBC's copyright registrations are invalid. Both of Best Brands' motions are denied.

## BACKGROUND

In April 2019, BHTBC sued Best Brands for copyright infringement, alleging that Best Brands' "Fuzzy Squishy" toys infringed on BTHTBC's exclusive rights. After discovery closed in March 2020, Best Brands moved for a referral to the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2). Dkt. 54. Best Brands alleged that BHTBC's copyright registrations contained five different inaccuracies.

The Court, prior to reassignment of this case to me, denied the motion without prejudice, explaining that the record was "far too undeveloped" to support referral. *Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prod., Inc.*, 2020 WL 3000343, at *8 (S.D.N.Y. June 4, 2020). Best Brands now moves again for a referral to the Register, this time asserting just two knowing inaccuracies in BHTBC's copyright registrations: (1) that except for the unicorn, all registrations have false first publication dates and (2) that the unicorn registration is flawed because it fails to list related works. Dkt. 292 at 5–7, 10–11. Best Brands also moves for summary judgment, arguing that if the Register confirms that it would have refused registration of BHTBC's copyrights, the Court should hold that the registrations are invalid. *Id.* at 13–14.

## DISCUSSION

To sue for copyright infringement, a plaintiff must typically have a valid certificate of copyright registration. *See Beverly Hills Teddy Bear Co.*, 2020 WL 3000343, at *2 (citing 17

U.S.C. § 411(a)). But a registration need not be error-free to be valid. A certificate containing inaccuracies remains valid unless: "(A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1).

If "inaccurate information … is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." *Id.* § 411(b)(2). Though the statutory language requires referral whenever inaccuracies are "alleged," courts and the Copyright Office have recognized that courts have discretion as to when the referral is made and can "await further factual development … at trial before issuing a referral." *King-Devick Test Inc. v. NYU Langone Hosps.*, 2019 WL 3071935, at *9 (S.D.N.Y. July 15, 2019); *see Chic Home Design, LLC v. New Journey Grp. Ltd.*, 2017 WL 3738775, at *4 n.2 (S.D.N.Y. Aug. 30, 2017); *Distribuidora De Discos Karen C. Por A. v. Universal Music Grp., Inc.*, 2017 WL 1019697, at *4 (S.D.N.Y. Mar. 15, 2017). "It will often be prudent for a court to delay referral pending a factual determination that a challenged copyright application does indeed contain inaccuracies that have been knowingly introduced." *King-Devick*, 2019 WL 3071935, at *9.

Here, further factual development is warranted as to whether there were any knowing inaccuracies. Best Brands says that BHTBC's copyrights (other than the unicorn) incorrectly list as their date of first publication December 21, 2017, the date that BHTBC shipped Squeezamals to Target. *See, e.g.*, Dkt. 293-10; Dkt. 293-11. Best Brands says that this date is wrong because Target had ordered the Squeezamals at some point before November 27, 2017. *See* Dkt. 292 at 5–7, 9–10; Dkt. 302 at 2. BHTBC does not dispute that it pitched Squeezamals to retailers in the fall of 2017 but disputes that those actions count as a "publication." Dkt. 299 at 7–11.

Even if Best Brands' interpretation of "publication" is correct (which is, to put it colloquially, a big if), referral to the Copyright Office would still be premature because factual issues remain as to whether BHTBC knew of the inaccuracies at the time it applied for the copyrights. "Lack of knowledge of either fact or law can excuse an inaccuracy in a copyright registration." *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 595 U.S. 178, 182 (2022). And as courts and the Copyright Office have acknowledged, pinning down a date of first publication can raise complex legal questions. *See, e.g.*, *Archie MD, Inc. v. Elsevier, Inc.*, 261 F. Supp. 3d 512, 520 (S.D.N.Y. 2017); Response of the Registration of Copyright at 17, *Fashion Avenue Sweater Knits, LLC v. Poof Apparel Corp.*, No. 2:19-cv-6302 (C.D. Cal. Feb. 5, 2021), ECF No. 129-1, available at https://www.copyright.gov/rulings-filings/411/fashion-avenue-sweater-knits-llc-v-poof-apparel-corp.pdf (hereinafter "Fashion Avenue Register Response") ("[D]etermining whether a work has been published can raise complex legal questions for which there are not always straightforward answers.").

The only evidence Best Brands has as to BHTBC's knowledge of its supposed error is the fact that BHTBC was represented by counsel when it applied for the copyrights. Dkt. 302 at 6–7. But that is not dispositive; even lawyers can make unknowing errors of law. Indeed, Best Brands'

own briefing evidences this possibility: In its opening brief, Best Brands suggests that the first publication occurred when BHTBC offered Squeezamals to Target. Dkt. 292 at 5 (arguing that the first publication date is "false" because "BHTBC made offers for sale to retailers well before November 27, 2017"). But in its reply, Best Brands pivots, suggesting that the first publication occurred when BHTBC shipped samples of Squeezamals to "its sales representative who oversees sales to Target." Dkt. 302 at 2. Clearly, the principles of publication are not as "basic" as Best Brands asserts. *Id.* at 7.

That any error on BHTBC's part was unknowing is further supported by the Compendium of U.S. Copyright Office Practices, which outlines the Copyright Office's interpretation of "publication." To be sure (and contrary to how the parties seem to view it), the "Compendium is a non-binding administrative manual that at most merits [*Skidmore*] deference." *Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498, 1510 (2020). While not dispositive as to what the law means, the Compendium may lend credence to the argument that a legal error was unknowing. And the Compendium appears to accord with BHTBC's view of the law, explaining that "[o]ffering to distribute copies or phonorecords before they exist or before they are ready for further distribution, public performance, or public display does not constitute publication." U.S. Copyright Office, Compendium of U.S. Copyright Practices § 1906.3 (3d ed. 2017); *see* Fashion Avenue Register Response at 14 ("[T]he offering of a new line of garments to a group of retailers will only be considered publication *if the actual garments to be distributed are available for distribution when the offer is made*." (emphasis added)). BHTBC says that Squeezamals were not available for distribution in fall of 2017, and Best Brands does not point to any contrary evidence. *See* Dkt. 299 at 9. So even if BHTBC's interpretation of "publication" is ultimately wrong as a legal matter, the fact that it is consistent with the Copyright Office's own construction of "publication" substantiates its argument that any legal error was unknowing.

Further factual development is also warranted as to whether there was any knowing inaccuracy in the unicorn registration. Best Brands insists that it "cannot be in dispute" that the unicorn is derivative of the narwhal, teal cat, and pink owl, which are BHTBC works that were previously published. Dkt. 292 at 11. Because the unicorn registration fails to acknowledge this, it is also deficient, according to Best Brands. Of course, BHTBC disputes that the unicorn is in fact derivative. BHTBC also argues that it need not disclose "preexisting works of its own creation." *LEGO A/S v. Best-Lock Constr. Toys, Inc.*, 404 F. Supp. 3d 583, 600 (D. Conn. 2019).

Regardless of whether Best Brands is correct that BHTBC was required to list its own related works, a referral at this stage is once again unwarranted. First, as this Court previously explained, the question of whether a work is derivative is a "question of fact better resolved by a trier of fact." *Beverly Hills Teddy Bear Co.*, 2020 WL 3000343, at *8. Furthermore, even if the work is derivative, there is a split of authority as to whether a copyright applicant must disclose its own related works. *Archie MD*, 261 F. Supp. 3d at 520 (holding that error was made without knowledge because it reflected an "unsettled legal question"). Best Brands fails to show that there is no genuine issue of material fact as to BHTBC's knowledge that it had to list its own preexisting works on the application.

## CONCLUSION

"[C]ourts have recognized that the referral procedure is vulnerable to abuse and have urged caution." *Palmer/Kane LLC v. Rosen Book Works LLC*, 188 F. Supp. 3d 347, 348 (S.D.N.Y. 2016) (collecting cases). Caution is warranted here. Best Brands has scant evidence that any legal errors in the copyright registrations (if they exist in the first place) were made knowingly. And if the alleged errors were inadvertent, BHTBC's copyrights remain valid, regardless of whether the Copyright Office would have refused registration had it known. In addition, this case has been going on for almost five years. It is finally scheduled to go to trial in just a few months. That trial will help to develop the factual record. So Best Brands' motions are denied.

The Clerk of Court is directed to terminate Dkt. 292.

SO ORDERED.

Dated: March 29, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge